Gordon v. McCurdy.

GORDON, Respondent, v. McCURDY, (interpleader,) Apellant.

1. Interpleas can be resorted to in attachment suits only where the property
   attached is personal property.

*Appeal from Platte Circuit Court.*

This was an action against Elijah Cady on a promissory
note for $492.60. On the 17th day of January, 1856, an
attachment was issued in aid of said suit, and on the 19th
day of the said month it was levied on certain real estate in
Weston as the property of Cady. In the progress of the cause
Solomon P. McCurdy filed an interplea claiming the prop-
erty attached by virtue of a deed of trust bearing date Jan-
uary 17, 1856, executed by said Cady to said McCurdy and
one Hulse to secure the creditors of the said Cady. The
deed was executed in St. Louis and was filed for record in
Platte county, January 28, 1856. The plaintiff filed a repli-
cation to this interplea, putting in issue the material allega-
tions in the plea, and charging that the deed was made in
fraud of creditors. The jury upon the issues raised upon the
interplea found for the plaintiff.

*Adams*, for appellant.

I. The alleged fraud in the debt of Meigs & Dwink could
not avoid the deed of assignment. As to the other creditors
named in the assignment the deed was good. (Hardcastle
v. Fisher, 24 Mo. 74.) To vitiate a deed of assignment
the fraud must be brought home to the assignee. (Wise v.
Wimer, 23 Mo. 237 ; Gates v. Labeaume, 19 Mo. 238 ; 24
Mo. 74.) The deed of assignment was executed before the
attachment, and, though not recorded until after the attach-
ment was levied, it would be good against the attachment.
(14 Mo. 170 ; 20 Mo. 133.)

*Hall* and *Loan*, for respondent, contended, among other
things, that the statute permitting parties to interplead in
attachment cases was intended to apply to those cases where
the property attached was personal property.

Gordon v. McCurdy.

Scott, Judge, delivered the opinion of the court.

An interplea in an attachment suit is a remedy conferred by the statute. Its use therefore must be limited to the cases in which it is authorized by law.

There is nothing in the statute which intimates that an interplea can be made for real estate. So far from it, its language seems to confine the remedy to cases in which personal property is attached. There is not the same motive for allowing it in the one case as in the other. Land is fixed and permament, and if one has a right to it, that right can not be affected except he has notice and is brought in as a party. Others may litigate about it without affecting him; indeed the proceedings under our attachment laws are already sufficiently embarrassing and involved without adding to them another element of confusion. Lands can not be attached by process issuing from a justice's court, yet upon examination it will be found the language of the section prescribing when the interplea shall be allowed in a justice's court is in exact correspondence with that used in the section permitting an interplea in the circuit court. " Property, money, effects or credits attached" are the words used in both sections. Section 39 of the first article of the act concerning attachments mentions the garnishee as the person in whose hands the property or other things subject to an interplea may be. Now by reference to the sections directing the mode by which attachments may be served, it will be seen that the word garnishee can only be predicated of one who holds personal effects subject to attachment and garnishment. The phrase, too, in the same section, " in whose hands the same may be," clearly carrries the idea that things personal were only intended, as such language is never used in reference to the possession of real estate.

The other judges concurring, the judgment will be affirmed.