MAHAN, Plaintiff in Error, v. SCRUGGS, Defendant in Error.

1. If the defendant in an execution, a head of a family, have none of the articles of property enumerated in the first and second clauses of the twelfth section of the act regulating executions, (R. C. 1855, p. 738,) he may select and hold exempt from execution, under the thirteenth section of said act, any other property not exceeding in value one hundred and fifty dollars.
2. If he have a portion only of the articles enumerated in said first and second clauses of the twelfth section of said act, he may select them as exempt under the twelfth section, and he may also, under the thirteenth section, select, in addition, other property, which, together with that selected under the twelfth section, will not exceed in value one hundred and fifty dollars.

*Error to Cole Circuit Court,*

This was an action to recover damages against a constable for failing to make the money on an execution. Mahan, the plaintiff in this suit, obtained a judgment against one Williams. Upon this about sixty dollars were due. The constable garnished a debt due Williams for eighty dollars. He also levied upon a horse valued at sixty dollars, and some other personal property, all of which, including the horse when appraised, did not amount in value to one hundred and fifty dollars. The constable advised Williams that he had a right to elect and take property of the value of one hundred and fifty dollars. Whereupon he demanded and received of the constable the debt garnished, the horse and the remainder of the personal property, all of which, as appraised, amounted in value to less than one hundred and fifty dollars. The court refused to declare the law, as requested by the plaintiff, as follows: " Under the act concerning executions, the defendant in the execution could not hold and claim exempt from execution his horse and also the debt that was garnished." The court found and rendered judgment for the defendant.

*White*, for plaintiff in error.

I. The court erred in refusing the instruction asked and in rendering judgment for defendant. A party must give

up all the articles mentioned in the first and second subdivisions of the twelfth section if he wishes to take advantage of the thirteenth section.

*Parsons*, for defendant in error.

I. The instruction was properly refused. Williams had the right to select and hold the horse and money garnished exempt from execution. The defendant in an execution has the right to select property under the twelfth section, and if it does not amount to one hundred and fifty dollars in value, he may select and make up the deficit under the thirteenth section.

NAPTON, Judge, delivered the opinion of the court.

The case turned altogether upon the construction of the twelfth and thirteenth sections of the act concerning executions.

The last eight clauses in the twelfth section provide for exemptions which are independent of circumstances, and present no difficulties of construction. The first two clauses exempt ten hogs, ten sheep, two cows and calves, one plough, &c., and work animals to the value of sixty-five dollars. Then the thirteenth section provides that in lieu of the property mentioned in these two clauses, the defendant may select " any other property, real, personal or mixed, or debts and wages not exceeding in value one hundred and fifty dollars."

Where the defendant does not select any of the articles enumerated in the two clauses of the twelfth section just referred to, it is plain that, under the thirteenth section, he may select other property to the value of one hundred and fifty dollars. So far as this is concerned, there could be no difference of opinion; but if the defendant selects any one of the articles enumerated in the two first clauses of the twelfth section, the question is, whether that debars him from any benefit of the thirteenth section. And this question, it must be acknowledged, is not so easy to answer, as the strict letter of the thirteenth section and the general

scope of the two sections do not altogether correspond. According to a literal construction of the thirteenth section, no provision is made for a case where the defendant retains a part only of the articles enumerated in the two first clauses of the twelfth section. When he selects all under the twelfth section he is clearly not entitled to any under the thirteenth, as the one is in lieu of the other.

But we think the equity of the law will reach a case like the present, and we believe the decision of the circuit court to be in conformity to the practical construction given to the law throughout the state. What motive could induce the legislature to diminish the amount of exempted property as the owner became poorer ?. We must consider the general policy of these laws. The law provides that if a defendant owns a horse worth sixty-five dollars, and ten sheep and ten hogs, and two cows and calves, and other specified property, altogether about of the value in money of one hundred and fifty dollars, he may retain all this property ; or, if he has none of this enumerated property, and has other property or choses in action to the amount in value of one hundred and fifty dollars, he may retain the other property. In either of these cases, the law clearly allows him one hundred and fifty dollars in property, which the law specifies, or which he himself selects. But if the defendant has none of the property enumerated in the two clauses of the twelfth section, except a horse worth sixty-five dollars, and all his other property is less than the difference between sixty-five and one hundred and fifty dollars, was it the intention of the law to put the defendant to an election between the horse and the other non-enumerated property, when both together would fall short of the hundred and fifty dollars ? It is not easy to see a motive for such a discrimination, and yet such would be the effect of the law if interpreted as the appellant insists on. Undoubtedly this is a literal interpretation of the law, but may we not apply the language of the thirteenth section *distributively* to each enumerated article of property as well as to all the property therein mentioned collectively ?

By so doing we conform to what we believe is the general understanding in the country, that one hundred and fifty dollars' worth of property is exempt from execution, in addition to the exemptions specifically mentioned in the eight latter clauses of the twelfth section; and this amount of property in value may be taken either by selecting the articles and stock enumerated in the first and second clauses of the twelfth section, or by taking one hundred and fifty dollars' worth of other property, or by taking such of the articles or stock specified in the first and second clauses of the twelfth section as he may have, and other property or choses in action not mentioned in these clauses, which, together with what has been selected under the twelfth section, will not exceed in value one hundred and fifty dollars. This construction of the act seems to promote the policy which the law has in view, although the third contingency above mentioned is not literally provided for. After some hesitation we have concluded that it is within the equity of the statute, and shall therefore affirm the judgment of the circuit court. The other judges concur.