State to use v. Barada, et al.

STATE OF MISSOURI, to use of L. M. CONKLIN, Respondent, *vs.* LEWIS S. BARADA, *et al.*, Appellants.

1. *Garnishment—Wages—Appraisement.*—Debts and wages garnished by a constable and claimed by the debtor in execution to be exempted, are not required to be appraised in the manner provided for property levied upon.

2. *Execution—Exemption—Who must protect debtor.*—The exemption rights of a debtor in execution must be protected by the constable, whether they apply to property seized or to debts garnished.

3. *Justice's Court—Jurisdiction over plaintiff and garnishee.*—A justice of the peace has no jurisdiction in a trial upon interrogatories and answers between the plaintiff in execution and a garnishee, to determine the rights of the defendant upon his claim to select and hold the garnished debt as exempt from execution.

4. *Execution—Garnishment—Claim by debtor—Return.*—The officer holding an execution is bound by law to apprise the debtor of his rights, and the powers conferred upon him are ample to protect them in every possible case. If there be a garnishment upon which the debtor makes his selection and claim, the officer must show the facts in his return upon the execution, with the debt or amount reserved and set over to the defendant.

5. *Judgment affirmed.*—Judgment affirmed because manifestly for the right party, although error appears in the record.

## Appeal from Audrain Circuit Court.

*G. B. Macfarlane,* for Appellants.

I. The term property as used in §§ 11 and 12, of the chapter on executions does not include debts and wages, and the constable was not required to have Ladd's debt to Conklin appraised, as in appraisement of working animals. (§§ 11 and 12, p. 604 ; Gregory vs. Evans, 19 Mo., 261.) Debts and wages are not subject to execution except by process of garnishment. (§ 16, p. 605 ; § 2, p. 606, Wagn. Stat.) Mahan vs. Scruggs, 29 Mo., 282, is not in point.

*S. A. Craddock & M. S. Hollister,* for Respondent.

I. Conklin claimed, as the head of a family, the Ladd debt, in lieu of the property mentioned in the 1st and 2nd sub-divisions of sec. 9 of the chapter on executions, and when he notified the constable that he selected and held it as exempt from execution and garnishment, it was the duty of the constable to set it off to him, and the constable's refusal to do

so was wrongful and contrary to the statute. (Wagn. Stat., p. 603–4, §§ 9, 11, 12; Mahan vs. Scruggs, 29 Mo., 282; State vs. Romer, 44 Mo., 99; Garret vs. Farmer, 21 Mo., 160.) The 11th and 12th sections of the chapter on executions most clearly include debts and wages. No other construction can be possibly placed upon them. Any other construction would be contrary to the plain declaration of the statute and contrary to the opinions of this court. (Mahan vs. Scruggs, 29 Mo., 282.)

LEWIS, Judge, delivered the opinion of the court.

This was a suit upon a constable's bond. William L. Grim obtained judgment before a justice of the peace, against respondent's usee, Conklin, for $140. The appellant Barada, as constable, upon execution coming to his hands, garnished Amos Ladd, who was indebted to Conklin on a promissory note for $100. It is charged that the officer failed to apprise Conklin of his rights, as required by the statute; that Conklin, nevertheless, repeatedly notified Barada, before the return of the garnishment, that, as head of a family and owning no other property, he claimed to hold the Ladd note exempt from execution. That the constable disregarded his claim and merely referred him to the justice.

The garnishee failed to answer, and judgment was rendered against him in favor of the execution plaintiff for the amount of the note and interest, whereby the same was lost to Conklin.

The answer after denying generally the derelictions alleged, set up several special defenses, some of which were stricken out on respondent's motion. The case was tried before a jury who found for the plaintiff in the amount of the garnished debt and interest.

No doubt appears to have been entertained at any stage of the proceedings, that the debtor was entitled under section 11, on page 604 of Wagner's Statutes, to hold exempt from execution the debt due from Ladd. The controversy turns upon the inquiry, what is the method by which, in a case like

this, the execution debtor must make his statutory right available ? By the respondent it is held to be sufficient that he make his claim to the officer, whose duty it then becomes to take such steps under the 12th and 13th sections, as will secure to the debtor his demand against the garnishee, within the proper limit of value. The appellants insist that no such duty belongs to the officer; that he is required by law to serve and return the garnishment process at all events; and that the debtor must proceed before the justice, by interplea or otherwise, to establish his right.

While the statute is sufficiently clear upon the course to be followed when articles of personal property are in question, it gives no specific direction for the case of a debt garnished and claimed by the defendant. Nor have we any better guide in former adjudications of this court. In Gregory vs. Evans, (19 Mo., 261,) the execution debtor reserved his claim of exemption for a garnished debt to be passed upon by the justice in the trial of the garnishment. The justice sustained him, giving judgment against the plaintiff in execution, although the garnishee acknowledged indebtedness to the defendant. On appeal the Circuit Court did the same thing. The Supreme Court reversed the judgment on other grounds, making no allusion to the regularity of the initial proceeding. In Mahan vs. Scruggs, (29 Mo., 282,) the constable responded to the defendant's demand by allowing him the debt garnished. The plaintiff in execution thereupon sued the constable for breach of duty, and the case turned upon the question whether the defendant was entitled to the exemption in any shape. Again no reference was made to the propriety of the course adopted by the debtor; and thus either of the antagonistic methods here suggested would appear to have had a judicial toleration. The exigencies of the present inquiry demand an interpretation of the statute which shall discover the true rule for its practical enforcement.

The court below instructed the jury that, "it was the imperative duty of the defendant, made so by the law of executions, to have had the plaintiff's property appraised by three

disinterested householders of the neighborhood, to ascertain if the plaintiff, Conklin, was entitled to have this Ladd note set off to him; and if the jury find from the evidence, that defendant Barada, as constable, failed or neglected to have plaintiff's property so appraised, then the jury will find for the plaintiff."

This instruction was not authorized by the language of the statute. Certain specific exemptions having been provided for, the 11th section permits the head of a family, in lieu of them, to "select and hold exempt from execution any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of three hundred dollars." Here are two classes of objects, one of them being "property," of three several kinds, and the other "debts and wages." The next section provides for the appraisement and sale of "such property," saying nothing about the other class. Debts and wages are, therefore, not contemplated in the provision for appraisement. The property to be appraised is manifestly that selected under the 11th section. And, as it is not pretended that anything was selected, except the Ladd debt, there was no proper application for the instruction.

In further passing upon the instructions, given or refused, the court sustained the plaintiff's theory to the effect that the protection of the execution debtor's rights in the premises, was incumbent on the constable, and could not be remitted to any course of procedure before the justice of the peace. In this we think the court properly declared the law.

It is argued for the appellants that in section 39, on page 670, Wagn. Stat., the law points out the true refuge for the execution debtor, and relieves the officer of all responsibility in his behalf. This provides that, "any person claiming property, money, effects or credits attached, may file his interplea in writing, in the cause, etc." But this court has repeatedly construed the same statutory language, and uniformly held it inapplicable for any purpose, to garnishment proceedings. (Wimer vs. Pritchartt, 16 Mo., 252; Gordon vs. McCurdy, 26 Mo., 304.)

It is also urged that the constable cannot know the value of the debt garnished; that such knowledge is essential to an adjustment of the debtor's rights, with reference to other property claimed; and that appraisement being inappropriate, it becomes necessary for the debtor to wait until a judgment on the garnishment shall fix the value of the debt due from the garnishee, before it can be set over to him. This might do, if we had a law by which the justice could transform a judgment docketed in favor of the execution plaintiff, into one in favor of the execution defendant. The defendant's statement of its amount, or any less interest which he claims, will suffice as to him. The plaintiff cannot be prejudiced; because if the amount prove greater than the defendant's right covers, he will get the excess. If less than the defendant claims, he will still be the gainer.

The proposition that the debtor's exemption right may be adjusted in the trial of the garnishment, is seriously interfered with by section 27 of the chapter on garnishments, at page 668 of Wagner's Statutes. It says: "The following interrogatories and *none other*, shall be propounded to a garnishee summoned in a suit before a justice of the peace, etc." The first relates only to property in possession. The second and last is: "At the time of the service of the garnishment, did you owe the defendant any money, or do you owe him any now? If so, how much, on what account, and when did it become due?" If not yet due, when will it become due? These interrogatories cover the entire field of the justice's jurisdiction in the premises. They can properly elicit no response touching anything but the simple fact of indebtedness, or the contrary, from the garnishee to the defendant. Clearly then, the justice can neither inquire into nor adjudicate upon the peculiar rights of the defendant, as against the execution plaintiff, in that proceeding. But, independently of this, there appears no obligation on the garnishee to shape his defense in the interest of the execution debtor. It matters nothing to him whether plaintiff or defendant is to profit by a judgment against him. He has only to take care of himself.

State to use v. Barada, et al.

The practical solution of these difficulties places the responsibility where the legislature evidently intended to leave it—with the officer holding the execution. He must apprise the defendant of his rights. He must yield to the defendant's selection and release to him the property selected, up to a prescribed limit of value. He is invested with authority to ascertain the value by appraisement, and so give full efficacy to the law's bounty. He must pay over to the defendant his share out of the proceeds of a sale. In short, the whole subject matter of the debtor's protection seems committed to that officer, and none other is designated for any step in the process. It would be an incredible omission from such a plenary investiture of powers and duties for carrying out the general design of the law, which should leave him helpless in one of its most essential elements. We hold that the duty of the constable in the present case was to allow, to the extent of his authority, the exemption to which the debtor was entitled. This he could have done in either of several ways. If satisfied that the claim against the garnishee was for an amount within the debtor's right, he could make return of the facts upon the execution, without any service on the garnishee. If the claim appeared to be in excess of the right, he could make a like return of the facts, with a declaration that he reserved and set over to the defendant so much of the garnishee's indebtedness as the exemption right covered. Such a return, in either case, would at least clear his responsibility.

Upon the whole record, the judgment below was manifestly for the right party, and is affirmed. The other judges concur.