THE STATE *ex rel.* LEWIS v. BARNETT *et al.,*
Appellants.

1. **Garnishment**: EXEMPTION: OFFICER. A justice of the peace has no jurisdiction in a garnishment proceeding to determine the rights of a defendant to hold the garnished debt exempt from execution. The protection of the execution debtor is cast by the law on the officer having the execution, who is bound to apprise the debtor of his rights, to allow him to make his selection and claim, and in his return on the execution to show the part of the garnished debt set over to the debtor. (*State ex rel. v. Barada,* 57 Mo. 562).

2. ———— : ———— : ————. A debtor can claim as exempt from execution money, constituting his wages for the last thirty days of his employment, paid to the constable under judgment and execution against the garnishee, and the fact that the constable paid to the debtor said money is a valid defense to an action by the judgment creditor therefor on the constable's official bond.

*Appeal from Pettis Circuit Court.*—HON. JOHN P. STROTHER, Judge.

REVERSED AND REMANDED.

*Wm. S. Shirk* for appellants.

(1) It was error to sustain the plaintiff's motion for judgment on the answer. The answer set up a good defense to plaintiff's petition. (2) The wages were exempt, under either Revised Statutes, section 2346, or section 2519. *State v. Beamer,* 73 Mo. 37. (3) It was the duty of the constable to protect the exemption rights of the defendant Mitchell, both as to property levied upon and debt garnished. *State ex rel. v. Barada,* 57 Mo. 562 ; Thompson on H. and Ex. sec. 861. (4) It was not too late for Mitchell to claim his rights. He was not notified that his wages had been garnished, nor given any opportunity to claim his exemption, until

after judgment had been rendered against, and the money collected from, his garnishee. He did claim his rights before the money had been applied by the constable to the execution of Lewis against him, and before it left the official custody of the constable. This was in time. *State ex rel. v. Barada, supra; State ex rel. v. Finn*, 8 Mo. App. 261; *Kulage v. Schueler*, 7 Mo. App. 250; *Hombs v. Corbage*, 20 Mo. App. 497; *State ex rel. v. Emerson*, 74 Mo. 607; *Buckley v. Wheeler*, 52 Mich. 1, and see 31 N. W. Rep. 712. (5) The garnishee could not claim Mitchell's exemption rights for him. Under the statute, no time is limited within which the debtor must claim his rights—hence the constable must protect him up to the time the money is turned over to the execution plaintiff. *State ex rel. v. Beamer*, 73 Mo. 37. (6) Defendant's answer states facts which show that plaintiff's action was based on the constable's return of the execution of Lewis *v.* The Railway Company, garnishee of Mitchell, whereas it should have been brought upon the constable's return of the execution of Lewis *v.* Mitchell. Garnishment is one of the modes pointed out by the statute by which an execution is executed. *Tinsley v. Savage*, 50 Mo. 141. (7) Even had appellant been entitled to judgment for the one hundred dollars, he was not, on the facts stated in the answer, entitled to one hundred per cent. interest. Sections 3032 and 3033, Revised Statutes, were only intended to cover cases where constables are derelict in the performance of their duties, and does not apply to cases where the law being doubtful, he may have committed an honest error. (8) Said sections 3032 and 3033, as applicable to the facts of this case, are contrary to section 1, fourteenth amendment to the constitution of the United States, in this, they deny to defendants the equal protection of the laws. This provision of the constitution does not apply alone to the political rights of the newly-enfranchised colored race.

"It does not, indeed, place any limit upon the subjects in reference to which states may legislate." *County v. Railroad*, 13 Fed. Rep. 722, 738, 740, 741 ; *Yeck Wo v. Hopkins*, 6 S. C. 1064. (9) They are contrary to section 10, article 2, of the constitution of Missouri, in this, they deny to defendants the right to appeal to the courts of the state for the adjudication of their rights, upon the same terms as other litigants, and at the risk of having heavy penalties enforced against them, in addition to those imposed upon other debtors or securities. *Weller v. St. Paul*, 5 Minn. 95 ; *Wilson v. McKenna*, 52 Ill. 43 ; *Reed v. Tyler*, 56 Ill. 288. (10) Said sections are contrary to section 25, article 2, of the constitution of Missouri, in that the interest therein commanded to be assessed against them, is in the nature of a penalty or fine, and is excessive and oppressive.

*C. L. Jackson* for respondent.

(1) Sections 3032, 3033 and 3037 are not unconstitutional. (*a*) They are not violative of the constitution of Missouri. Section 10 of article 2 of the constitution is designed to prevent abuse of power by the courts, and there is nothing in this statute that sanctions either a closing of the courts, or a sale or denial of justice. Section 25 of the same article has reference to criminal matters. At all events, the legislative discretion has not been abused in prescribing the one hundred per cent. interest. Cooley Const. Lim. 168-9 ; *Munn v. Illinois*, 94 U. S. 113. This statute has been enforced by the courts, without question as to its constitutionality. *State ex rel. v. Muir*, 24 Mo. 263 ; *Rose v. Cobb*, 64 Mo. 464 ; *Ransom v. Cobb*, 67 Mo. 375. And a similar law as to sheriffs has been enforced. *State ex rel. v. Cayce*, 85 Mo. 456. The acquiescence in a statute by the courts and the people is to be regarded as in favor of its constitutionality. *Railroad v. County*

*Court,* 53 Mo. 156 ; *State ex rel. v. Laughlin,* 75 Mo. 147. (*b*) Nor is this statute in conflict with section 1 of the fourteenth amendment of the constitution of the United States. It applies equally to all persons coming within its provisions, and under the same circumstances. *Phillips v. Railroad,* 86 Mo. 540 ; *Slaughter House cases,* 16 Wall. 62 ; *Barbier v. Connolly,* 113 U. S. 27 ; *Soon Hing v. Crowley,* 113 U. S. 703 ; *Humes v. Railroad,* 115 U. S. 512. (2) This court will not consider any matter in the case other than the constitutionality of the statute. That question exhausts the jurisdiction of this court. *Eyerman v. Blakesly,* 78 Mo. 145, 152 ; *Humes v. Railroad,* 82\ Mo. 221 ; *Ins. Co. v. Hill,* 86 Mo. 466. (3) Even if this court could consider any other questions, the judgment should be affirmed. Wages for the last thirty days before garnishment are different from other exemptions. They constitute matter which may be set up by the garnishee to prevent a judgment against him. R. S. sec. 2519 ; *Mangold v. Dooley,* 89 Mo. 111 ; *Davis v. Merideth,* 48 Mo. 263. After judgment rendered against the garnishee, the defendant in the original suit could not claim his exemption, if he was ever entitled to any. *Randolph v. Little,* 62 Ala. 396 ; 2 Wade on Att. sec. 395 ; Waples on Att. 527 ; *Iliff v. Arnott,* 31 Kas. 672. Much less could he do so after the execution against the garnishee was returned satisfied in full. The constable then held the money to the use of the plaintiff, and he had no right to divert it to any other purpose.

SHERWOOD, J.—Action on the official bond of the defendant Barnett, as constable, his sureties being joined as co-defendants. The breach of the bond assigned in the concluding portions of the petition is as follows : " For breach of said bond plaintiff states that at the times hereinafter mentioned defendant Barnett was constable of Sedalia township as aforesaid, and plaintiff states that on the eleventh day of October,

The State ex rel. Lewis v. Barnett.

18S2, an execution in the sum of one hundred dollars ($100.00) in favor of said Henry Lewis, and against the Missouri Pacific Railway Company, was issued by J. R. Webber, then one of the justices of the peace of said Sedalia township, Pettis county, Missouri, and delivered to defendant Barnett as constable, as aforesaid, who afterwards returned the said execution into the office of the said J. R. Webber, justice of the peace as aforesaid, with the following return endorsed thereon : 'Executed the within execution in the county of Pettis and state of Missouri on the seventeenth day of October, 18S2, by collecting of the Missouri Pacific Railway Company ($100.00) in full payment of this execution and return the same satisfied. R. W. Barnett, Constable of Sedalia township, Pettis county, state of Missouri.'

"Plaintiff further states that said defendant Barnett has failed and refused to pay the said sum of one hundred dollars ($100.00), so collected by him on said execution, over to said Henry Lewis or his attorney, although often requested so to do. Whereby plaintiff states that the said Henry Lewis has been damaged in the sum of one hundred dollars ($100) with one hundred per cent. per annum interest thereon from the said seventeenth day of October, 1882." Wherefore plaintiff prays judgment, etc., etc.

After certain formal admissions, the defendants answered as follows : "Defendants deny that said R. W. Barnett has committed a breach of said bond as is alleged in plaintiff's petition or otherwise. Defendants admit that on the eleventh day of October, A. D. 1882, an execution in favor of the relator Henry Lewis, and against the Missouri Pacific Railway Company for one hundred dollars, was placed in said Barnett's hands, and that on the seventeenth day of October, 1882, he returned the same fully satisfied, as is alleged in plaintiff's petition, and defendants admit that said Barnett

did not nor has he paid said sum of one hundred dollars so as aforesaid collected on said execution to the relator Henry Lewis, nor ought he be compelled to do so for the following good and sufficient reasons, to-wit: That on the fourth day of August, A. D., 1882, an execution in favor of the relator Henry Lewis and against one A. J. Mitchell, for the sum of one hundred dollars and costs, was placed in said Barnett's hands, as constable, for collection; that on the thirteenth day of August, said Barnett garnished the Missouri Pacific Railway Company under said execution, as the debtor of said Mitchell, and that, on the seventeenth day of August, said Mitchell having claimed said debt, being wages due him, as exempt, said garnishment was released; that on the fourteenth day of September, A. D., 1882, by order of the relator, said Barnett again summoned said railway company as garnishee of said Mitchell; that prior to the rendition of the judgment hereinafter mentioned against said railway company, said Barnett did not find said Mitchell to notify him that he had garnished his wages in the hands of said railway company and his rights in the premises, and that said railway company having failed to answer said garnishment, judgment was rendered against said railway company in favor of the relator in the sum of one hundred dollars; that thereupon an execution issued on said judgment which is the self-same execution mentioned and described in plaintiff's petition, and was placed in defendant Barnett's hands for service; that on the seventeenth day of October, A. D., 1882, said Barnett collected said execution as is hereinbefore stated; that as soon as said money came into the said constable Barnett's hands the said A. J. Mitchell notified said constable that he was the head of a family, and that he had none of the property mentioned in the first and second subdivisions of section 2343 of the Revised Statutes of Missouri, and that the one hundred dollars so collected of said Missouri Pacific Railway Company under the aforesaid execution

was wages due him as an employe of said company for the last thirty days service, and that, as such wages and in lieu of the property mentioned in said first and second subdivisions of said section 2343, he claimed said wages exempt, and demanded of said Barnett a return of said money to him ; that thereupon said constable, finding that it was true, and defendants so allege the fact to be, that said Mitchell was the head of a family, and that he did not own any of the property mentioned in the first and second subdivisions of section 2343, of the Revised Statutes, and believing that said Mitchell had a right to claim said wages as exempt at any time before they were by him paid over to the relator, did thereupon set apart said wages, to the amount of one hundred dollars, to said A. J. Mitchell as exempt, and did thereupon pay to said Mitchell said sum of one hundred dollars so as aforesaid collected of said Missouri Pacific Railway Company under said garnishment proceedings, as he was in law and duty bound to do, and did thereupon make full and true return of all said facts on the aforesaid execution in favor of said relator and against said A. J. Mitchell. And because of the above and foregoing recited facts, defendants say that relator cannot maintain any action against defendants on account of the facts set forth in plaintiff's petition, inasmuch as said garnishment and the judgment and execution against said railway company, were only intermediate steps taken by said Barnett between the issue of said execution in favor of relator and against said A. J. Mitchell, and its final return, looking towards its collection, and that any action which relator may have in the premises must be based on a failure to make a true return on said original execution against said Mitchell, or a failure to pay over to the relator any funds collected by him under said execution of relator against said A. J. Mitchell." Wherefore defendants deny, etc.

Thereupon the plaintiff filed a motion for judgment, based upon the ground that the facts set up in the

answer constituted no defense to plaintiff's action. This motion the court granted, and judgment went accordingly, to reverse which the defendants appeal.

The only question then is, do the facts set forth in the answer, and confessed by the motion to be true, form any bar to plaintiff's action? Under the provisions of Revised Statutes, section 2343, a debtor, when the head of a family, is entitled to hold as exempt from attachment and execution certain personal property. Under the provisions of section 2346, such debtor has his election whether he will select the property mentioned in the first and second subdivisions of the section already referred to, or whether he will select as exempt and in lieu thereof, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of three hundred dollars. Under the provisions of section 2347, it is the duty of the officer into whose hands any execution may come, and before he shall levy the same, to apprise the person against whom such execution has issued, of the property exempt under the previous sections, and of his right to hold the same as exempt from attachment and execution, etc., and shall proceed to set apart to the defendant the property exempt to him under the statute. Under the provisions of section 2519, no person can be charged as garnishee on account of wages due from him to a defendant in his employ for the last thirty days service.

In *State to use v. Barada*, 57 Mo. 562, it was ruled that a justice of the peace has no jurisdiction in a case of garnishment to determine the rights of a defendant to hold as exempt from execution the garnished debt, and that the protection of the execution debtor and defendant is cast by the law on the officer holding the execution, who is bound by the law to apprise the debtor of his rights, to allow him to make his selection and claim, and in his return upon the execution, to show the amount of the debt set over to the defendant. It will be observed in this case that the defendant based his

claim to hold his wages exempt, not only under the provisions of section 2519, but also under the exemptions of sections 2343 and 2346. The ruling made in the case cited seems to dominate the present one; because if, as there asserted, a justice of the peace has no jurisdiction to determine the rights of a defendant to a debt in a garnishment proceeding, then certainly the rights of the defendant in this instance were not prejudiced by the judgment of the justice, in a proceeding of which the defendant had no notice, to which he was not a party, made no claim, and those rights were not adjudicated. This being true, the case stands here just as if the garnishee, under the provisions of section 2551, had, before final judgment against it, discharged itself by paying to the constable the amount due by it to the defendant, or, as if the constable with the execution in his hands had gone to the defendant, seeking property whereon to levy, and the defendant had thereupon made the claim he did.

If the garnishee, instead of one hundred dollars, in wages, had a horse of the defendant's worth that sum in its possession, which, in discharge of its liability, as provided in section 2551, it had turned over to the constable, and the defendant had thereupon met him in the way and demanded such property as exempt, it could not be doubted that his claim must have been respected and that no liability would have been incurred by the constable in thus respecting it, thereby obeying a plain statutory duty. Several instances have occurred in this state where constables have been held liable because of failure to apprise a debtor of his exemptions under the law, and because of failure to respect such exemptions. *State to use v. Farmer*, 21 Mo. 160; *State to use v. Romer*, 44 Mo. 99; *State ex rel. v. Beamer*, 73 Mo. 37. Now, it cannot be possible that the law would hold a constable responsible if he failed to observe and obey the mandates of sections already quoted, and still hold

him equally responsible if he did obey them. In a word, a double liability cannot spring from the performance or non-performance of one and the self-same act. The conclusion, then, must be, that the answer of the defendants, taken as a whole and taken as true, constituted a valid defense to plaintiff's action.

No importance is to be attached to the fact that the execution had been returned satisfied, since the money had not been paid to the execution plaintiffs when demanded by the execution defendant, and since also, the return on the writ was awarded, and no showing to the contrary being made, the presumption is the amendment was legitimately made, and at all events, the claim of the defendant, in the circumstances set forth, was in time.

It has been deemed unnecessary to discuss the constitutional questions upon which this cause has come up to this court, and this because of our action on the merits of the cause, any discussion of other questions would have been superfluous. Under recent constitutional amendments, the whole cause came before us for discussion and it was only requisite for us to discuss such of the points involved as disposed of the case.

Holding these views, the judgment must be reversed and the cause remanded. All concur, except RAY, J., absent.