JOHN EISENBERG, Appellant, v. THE NORTHWESTERN TURN & LIEDERKRANZ ASSOCIATION, Respondent.

St. Louis Court of Appeals, April 20, 1897.

**Garnishment:** RIGHT TO EXEMPTION FROM EXECUTION OF GARNISHMENT DEBT: JUSTICE'S COURT: APPEAL: JURISDICTION OF CIRCUIT COURT. The circuit court has no jurisdiction, in a case of garnishment, to determine the rights of a defendant to hold as exempt from execution a garnishment debt, on appeal from the judgment of a justice's court; and the payment of the money into court on the order of the court to be paid over as directed, will not confer jurisdiction.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

REVERSED.

*F. & Ed. L. Gottschalk* for appellant.

No brief filed for respondent.

BLAND, P. J.—Appellant recovered a judgment before a justice of the peace of the city of St. Louis against John D. Paulus. An execution was issued upon this judgment, and the Northwestern Turn & Liederkranz Association was summoned as garnishee. It appeared, and, in answer to an interrogatory, stated, that at the date of the service of the garnishment it did not owe Paulus anything. Its answer was denied, and upon an issue thus made a trial was had, and judgment recovered for $139.25 against the garnishee. From this judgment it appealed to the circuit court, where the judgment of the justice was affirmed. On January 10, 1896, the garnishee paid the amount of the judgment into court, by leave of the court.

At the December, 1895, term of the circuit court John D. Paulus, by leave of court, over the objections of plaintiff, filed his affidavit stating facts by which it appeared the garnished debt was exempt from execution, and he claimed it as such. On December 15 the claim of Paulus was taken up, his affidavit was read, whereupon the plaintiff offered to prove that the garnishee was indebted to Paulus at the time of the service of the writ of garnishment in the sum of $139.25, but that this was not the debt that was claimed, and that John D. Paulus had no interest in the money thus adjudged against the garnishee. The court declined to hear said testimony, to which ruling plaintiff excepted. The court took the matter under advisement to January 10, 1896, and on that day rendered judgment that, after paying certain costs, the balance of the $139.25 paid into court by the garnishee should be paid over to Paulus. From this judgment plaintiff duly appealed to this court.

The appellant contends that the circuit court had no jurisdiction to hear Paulus' claim, and adjudicate

Kupferschmid v. Electric R. R. Co.

RIGHT to exemption from execution of garnishment debt: justice's court: appeal: jurisdiction of circuit court.

the same.    The jurisdiction of the circuit court in this case is derivative, and is no greater than that acquired by the justice from whom the case was appealed. *Batchelor v. Bess*, 22 Mo. 403.    It has been ruled in the cases of *State ex rel. v. Barada*, 57 Mo. 562, and *State ex rel. v. Barrett*, 96 Mo. 133, "that a justice of the peace has no jurisdiction in a case of garnishment to determine the rights of a defendant to hold as exempt from execution a garnishment debt." If this case is to be controlled by the rule announced in these cases, then the circuit court was without jurisdiction to award the money to Paulus.    The payment of the money into court on the day the order was made to pay it over to Paulus, was an extraneous matter, and could not have the effect to confer jurisdiction where none had been conferred by law.    *Britton v. Stebber*, 62 Mo. 370.    Our conclusion is that the court was without jurisdiction to make the order directing this money to be paid to Paulus.    The money should have been paid by the garnishee to the sheriff, and Paulus given the opportunity to make his claim of exemption to him, where the law says he may make it.    The judgment is reversed. All concur.