THE STATE OF MISSOURI ex rel. J. H. BELLEMERE, Respondent, v. JOHN P. O'NEILL et al., Appellants.

Kansas City Court of Appeals, January 2, 1899.

**Executions:** EXEMPTIONS: NEGLECT OF SHERIFF: DAMAGE: PLEADING. It is the duty of a sheriff with an execution to notify the defendant of his exemption rights before summoning a garnishee and he is liable for damages arising as a necessary consequence; but where defendant learns of his rights in time to make application for his exemption and does make such application, he can recover nothing on a petition which alleges that the sheriff failed to apprise him of his exemption rights.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED AND REMANDED.

EDWARD C. WRIGHT for appellants.

(1) This suit is for failure to apprise relator of his exemptions; not for failure to set them off, and an officer is not liable for failure to apprise of exemption rights when the defendant in execution is aware of his rights and claims the benefit of them in proper time. Brown v. Hoffmeister, 71 Mo. 411; State v. Kane, 42 Mo. App. 253; State v. Brooke, 29 Mo. App. 286, 289. In State to use v. Harrington, 33 Mo. App. 476, we have a case where a recovery was had for not setting off exemptions. (2) The claim of the relator in either case was made in time to save his exemptions, because such claim can be made with effect at any time before the money is entirely paid out or the property sold. State ex rel. v. Emmerson, 74 Mo. 607; State ex rel. v. Barnett, 96 Mo. 133; Holliday v. Mansker, 44 Mo. App. 465; Marchildon v. O'Hara, 52 Mo. App. 523; Bank v. Gallagher, 163 Pa. St. 456; 30 Atl. Rep. 212; Mitchell v. Corbin, 8 So. Rep. (Ala.) 810; Dyer v. Woodbury, 24 Me. 546.

F. B. CASE and F. V. KANDER for respondent.

(1) The statute requiring the officer to apprise the execution debtor of his rights is mandatory. State ex rel. v. Barada, 57 Mo. 562; State ex rel. v. Barnett, 96 Mo. 133; Paddock v. Lance, 94 Mo. 283; R. S. 1889, secs. 4906, 4907. (2) And if the officer so fails to notify the debtor he is liable on his official bond. State ex rel. v. Farmer, 21 Mo. 160; State ex rel. v. Romer, 44 Mo. 99; State ex rel. v. Beamer, 73 Mo. 37; State ex rel. v. Carroll, 9 Mo. App. 275; State ex rel. v. Sondag, 15 Mo. App. 312; State ex rel. v. Kurtzeborn, 2 Mo. App. 335; State ex rel. v. Harrington, 33 Mo. App. 476.

SMITH, P. J.—This is an action which was brought by the relator against defendants for a breach of the conditions of a certain bond entered into by defendant O'Neill as sheriff with the other two defendants as sureties thereon. The breach alleged is:

"That on the 20th day of Nov., 1893, an execution was issued against this plaintiff and Geo. L. Bellemere upon a judgment theretofore rendered in the circuit court of Jackson county, Missouri, in favor of the First Nat'l Bank of Kansas City, Missouri, and against this plaintiff and Geo. L. Bellemere for the sum of $———

PETITION.

which said execution was delivered to and placed in the hands of defendant, Jno. P. O'Neill, sheriff, to be executed. That said sheriff, O'Neill, failed and neglected to inform this plaintiff of the fact that he, said sheriff, had such execution, and failed and neglected to notify and apprise this plaintiff of his property exempt by law and of his right of election under the exemption laws. That said sheriff, on Nov. 24th, 1893, attached and garnished one J. M. Cromer, who was indebted to this plaintiff in the sum of $401.85; that plaintiff was at that time and still is a resident of Jackson county, Mo., the head of a family, and had no other property except his household goods, and was lawfully entitled to claim and hold $300 of said indebtedness as his exemption. That judgment was afterwards rendered against said Cromer, garnishee, for said $401.85, and was afterwards paid by said garnishee to said bank under said judgment. That by reason of the neglect and failure of said defendant, O'Neill, sheriff, to notify plaintiff of his exemptions and his right to elect and hold the same as exempt, as he was required by law to do, the said sum of $300 was lost to plaintiff, to his damage in the sum of $300."

The answer was a general denial.

The case was submitted to the court upon the following agreed statement of facts.

"1.   That the relator was defendant in a suit in the circuit court of Jackson county, entitled the First National Bank against him, the said Bellemere, in which judgment was rendered on the 10th of October, 1893, for $3,528. That thereafter, on the 20th day of November, 1893, execution against relator, Bellemere, was issued and placed in the hands of defendant, John P. O'Neill, as sheriff of Jackson county, Missouri, and said defendant executed the same by summoning one James M. Cromer as garnishee.   2.   Defendant O'Neill did not apprise relator of his right of exemption as the head of a family, but thereafter relator, by attorney, came to defendant O'Neill, and to his chief deputy, Robert S. Stone, and made claim for his exemptions, and demanded that said O'Neill as sheriff should set off to him $300 of the debt of said James M. Cromer as and for his exemptions.   3.   Defendant stated that the execution had been returned and was out of his hands, but agreed and promised, from funds coming into his hands, to set off the said sum of $300 as relator's lieu exemptions in case execution was issued on any judgment against said Cromer.

"4.   Afterwards judgment was rendered against said Cromer and in favor of the First National Bank; nothing was paid over to defendant O'Neill, but on the 11th day of December, 1894, execution was issued against said James M. Cromer for the sum of $401.85, the debt found due from said Cromer to relator herein.   5.   Under this last named execution defendant O'Neill summoned the First Evangelical Lutheran church as garnishee.   6.   Relator again made claim for his exemptions, but prior to this last claim, and on the 19th day of January, 1895, a stipulation in words and figures as follows was filed in said cause, dismissing the garnishee:

" 'In the circuit court of Jackson county, at Kansas City Mo., January term, 1895.   First National Bank of Kansas

<span style="float:left">FACTS.</span>

City, Mo., plaintiff, v. John H. Bellemere and George L. Bellemere, defendants, and James M. Cromer and the First English Evangelical Lutheran church of Kansas City, Mo., garnishees. Now comes the plaintiff, the First National Bank, by Ralph E. Scofield, its attorney, and acknowledges the receipt of $401.85 in full of the claim of plaintiff against said garnishees, and having satisfied the judgment against garnishee, James M. Cromer, hereby dismisses the garnishment against the First English Evangelical Lutheran church. Ralph E. Scofield, attorney for plaintiff.' 8. On the back of which is indorsed the following: 'Filed Jan. 19th, 1895. H. M. Stonestreet, Clk. W. B. Winn, D. C.' 'This judgment has been satisfied of record.'

"9. On January 27th, 1894, relator, by his attorney, filed in said cause his motion (which was overruled) to require garnishee Cromer to pay the money into court, as follows:

" 'In the circuit court of Jackson county, Mo., held at Kansas City. First National Bank, Kansas City, plaintiff v. John H. Bellemere, defendant, J. H. Cromer, garnishee-defendant, 10,938. Now on this day comes John H. Bellemere, one of the defendants herein, and moves the court to require the garnishee-defendant, J. M. Cromer, to pay into court the money by his answer to plaintiff's interrogatories he admits owing this defendant, John H. Bellemere, and for which judgment has been rendered against him. Frank B. Case, Atty. for Deft., Jno. H. Bellemere.' On the back of which is indorsed the following: 'Filed January 27th, 1894. H. H. Noland, Clerk. W. B. Winn, D. C.'

"10. No money ever came into the hands of the defendant O'Neill, and nothing was ever set off by him to relator. No evidence, except the stipulation above referred to dismissing the garnishee, is offered that any money ever was paid under said judgment against garnishee Cromer.

11. It is admitted that Bellemere, the relator, is the head of a family, and a resident of Jackson county, Missouri, and was such on the 20th day of November, 1893. 12. It is admitted that defendant O'Neill was, at the times covered by the petition herein, the duly qualified and acting sheriff of Jackson county, Missouri, and defendants Cox and Welch are the bondsman of said defendant O'Neill, as set forth in the said petition."

The finding and judgment was for the relator. After an unsuccessful motion for a new trial the defendants appealed.

Under the provisions of section 4907, Revised Statutes 1889, it is made the duty of the officer, in whose hands any execution may come, before he shall levy the same, to apprise the person against whom such execution has issued of the property exempt under sections 4902, 4903 and 4906, Revised Statutes, and of his right to hold the same exempt from execution. A breach of this duty is not only distinctly alleged but it stands confessed.

EXECUTIONS: exemptions: neglect of sheriff: damage: pleading.

It has been decided that before summoning his garnishee the constable is bound, as in case of a levy, to notify the execution debtor of his exemption rights. State to use, etc., v. Barada, 57 Mo. 562; State to use, etc., v. Carroll, 9 Mo. App. 275. And we discover nothing in the statute relating to executions and garnishment proceedings in courts of record, making the foregoing rule inapplicable to sheriffs. It was the duty of the sheriff in the present case before summoning Cromer as garnishee to have notified the relator of his exemption rights.

But suppose it be conceded, as it must be, that the sheriff did so neglect his statutory duty to relator, still did the latter sustain any substantial injury in consequence thereof? It is agreed that between the time of the service

of the garnishment and the rendition of the judgment against Cromer, the garnishee, the relator notified the sheriff of his exemption claim. And the same is true as respects the other garnishee, the Lutheran church. A claim of exemption may be made with effect at any time before 'the money is paid out on the property sold. State ex rel. v. Emmerson, 74 Mo. 607; State ex rel. v. Barnett, 96 Mo. 133; Holliday v. Mansker, 44 Mo. App. 465. It is therefore obvious that the relator was apprised of his exemption rights in ample time to claim the same. The time of making the claim, so long as the right was not gone, was immaterial. The wrong done by the sheriff in failing to notify the relator of his exemptions became harmless and lost its actionable quality by reason of the fact that the relator himself claimed his exemptions before his right to do so had gone. Brown v. Hoffmeister, 71 Mo. 411; State v. Brooke, 29 Mo. App. 289. What substantial advantage would it have been to him to have been formally notified by the sheriff of the existence of his exemption rights if he was otherwise fully apprised in time to take the requisite steps to claim the same? The breach alleged is, as has been seen, not that the sheriff failed to set off to the relator his exemptions, *but that he failed to apprise him of the same.* The sheriff was bound by law to notify the relator of his rights before summoning the garnishees; and for any damage which ensued to relator *as the direct and necessary consequence of this omission he would be liable to the relator.* State v. Carroll, 9 Mo. App. 275; State v. Sondag, 15 Mo. App. 312. Certainly the facts agreed disclose no liability on the part of the sheriff for damages within the meaning of the rule just stated. The exemption was not lost to relator by reason of the failure of the sheriff to apprise him of his right thereto. The loss can not be said to be the direct and necessary consequence of such negligence of the

sheriff. It may be referable to his failure to allow, to the extent of his authority, the exemption to which the relator was entitled. The sheriff should have made his return of the facts with a declaration that he reserved and set over to the relator so much of the garnishee's indebtedness as the exemption right covered. State v. Barada, 57 Mo. 562. But there is no claim made in the petition that the sheriff failed to set off to the relator his exemption out of the garnished debt, and therefore we can investigate and determine no such case. We must restrict our examination to the cause of action alleged, which is that the sheriff failed to apprise the relator of his exemptions and that in consequence of which he lost the same.

No case has been cited in the briefs of counsel or found by us in this state where on the allegation of a breach like that in the plaintiff's petition any substantial recovery of damages has been permitted if it was shown, as here, that the execution debtor, though not apprised by the sheriff of his exemptions, made claim therefore before it was too late for him to do so. No case has been found where the sole breach alleged was the failure of the officer to apprise the execution debtor of his right of exemption; but there are cases, to some of which we have been referred, where the above stated breach has been coupled with one to the effect that the officer had failed to allow and set off the exemption. If the petition in the present case had contained such an additional allegation, possibly the case would occupy a more favorable attitude before us than it does. Under the breach alleged in the petition we are constrained to think the evidence does not show that the relator is entitled to recover the damages adjudged to him by the court. If he was entitled to recover at all his recovery should have been limited to nominal damages.

We shall accordingly reverse the judgment and remand the cause. All concur.