STATE ex rel. ANNA HENNEKE, Respondent, v. PHIL-
LIP WOLF et al., Appellants.

### St. Louis Court of Appeals, November 28, 1899.

1. ·Constable's Bond: SUIT ON: EXEMPTIONS TO WIFE. Louis E.
Henneke, husband of relator, owned a grocery store, horse and
delivery wagon, was indebted and absconded. Suits by attachments
were begun and his property seized. His wife, relator herein, notified
constable that executed the writs, claiming the property levied upon,
and the evidence showed, that Henneke had no other property, that
his whereabouts were unknown to relator, and that they had two
children. Relator recovered judgment, which this court rules was for
the right party. .

2. ——: ——: ELECTION BY WIFE. The written notice given to
the constable was a sufficient election by relator, and all that was
required of her, after the officer made it impossible for her to make
her selection under the statutes, by reason of her not knowing the
kind and character of property held by the officer under the writs,
he having peremptorily denied her the right to any exemptions
whatever.

Appeal from the St. Louis City Circuit Court.—*Hon.*
*Daniel D. Fisher,* Judge.

AFFIRMED.

*Johnson, Houts & Marlatt* for appellants.

(1) In order to hold the bondsmen of the constable
liable for his misconduct, it is necessary to show that he was
in the performance of his official duties, under a valid writ
issued by the proper authority. The execution or attachment
debtor has the right, under section 4906, to elect whether he
will claim, as exempt, $300 worth of property out of the gen-
eral personal estate, in lieu of the property specifically ex-
empted by section 4903. He can not claim under both sec-
tions. Davis v. Williamson, 68 Mo. App. 307. When an

election creates the right or interest, no right or interest arises until the election is made. Brawford v. Wolfe, 103 Mo. 391; Fox v. Windes, 127 Mo. 502. Until he elects to claim under section 4906, he acquires no right thereunder. Davis v. Williamson, 68 Mo. App. 307. He must claim only what the statute allows him to hold, or else the claim may be disregarded by the officer. Brown v. Hoffmeister, 71 Mo. 411. Where more than $300 worth of goods are levied upon, if the debtor elects to claim under section 4906, it is his duty to select what property he desires to hold as exempt and this duty can not be shifted to the officer. R. S. 1889, sec. 4906; Davis v. Williamson, 69 Mo. App. 307; Freeman on Execution, sec. 212a.

*Frederick A. Wind* for respondent.

(1) The writ of attachment and return were *prima facie* evidence of a writ having been issued. (2) It was impossible for Mrs. Henneke to select specific goods when she had no knowledge of them, and they were held in possession of constable. The officer's return shows he did not itemize the property seized. She had a right to select specific articles in part, and take cash in lieu thereof for balance of $300 in value. Mahan v. Scruggs, 29 Mo. 382. (3) She had a right to take the horse at an appraised value, and other specific property or cash for balance, to aggregate of $300 in value. If the constable refused to recognize her right to any exemptions, she was not required to specify any specific property that she desired. "The law does not require the doing of a nugatory act." Brown v. Hoffmeister, 71 Mo. 411; State ex rel. v. Romer, 44 Mo. 99.

BIGGS, J.—This is an action on a constable's bond. The breach assigned is that the defendant Wolf, as constable, wrongfully deprived the relator of her exemption rights.

The relator is the wife of Louis E. Henneke. The latter at one time owned a grocery store, consisting of a small stock

of family groceries, some store fixtures, and a horse and de-
livery wagon.    He and the relator, together with their two
children lived over the store.    Certain suits by attachment were
begun against Henneke before a justice of the peace.    The
writs of attachment were placed for service in the hands of the
defendant Wolf as constable, and under them he seized the
above property.    After the levies had been made the relator
served upon Wolf the following notice, to wit:

"To Phillip Wolf, Constable Second District, City of St.
    Louis:

"You are hereby notified that I am the wife of Louis E.
Henneke, that said Louis E. Henneke has absented himself
from his place of abode, and she does not know his present
whereabouts; that she and her said husband are residents of
this state, and have been for many years past; that she now
claims the benefits of the exemption laws of the state, and now
demands that the property be exempted from execution and
attachments by sections 4903 and 4906, R. S. 1889, set apart
to her and released from levy.

                                        "Anna Henneke.

"Witness:    Ben Toelke."

The relator introduced evidence tending to prove the
further facts, that at the time she made her claim of exemp-
tions her husband had absconded or absented himself from
their house; that she did not know of his whereabouts; that he
remained away for about four months; that she and her hus-
band had lived in the state of Missouri for about twelve years;
that they had two children; that he had no property, except
that levied upon, save some household furniture, and that
when she served the notice on Wolf of her exemption claim
he declined to recognize her rights, stating that she was not en-
titled to exemptions, and that he had been indemnified against
her claim by the attaching creditors.    The defendants intro-
duced no testimony, but asked the court to give an instruc-
tion in the nature of a demurrer to plaintiff's evidence.    This

the court refused to do. No other instructions were asked or given. The court found the issues for the relator and assessed the damages at $321. Thereupon a judgment was entered for the penalty of the bond to be satisfied by the payment of the damages assessed and the costs of suit. The defendants have brought the case here by appeal.

There was a motion sustained in this court suggesting a diminution of the record. In compliance with our order the clerk of the circuit court has amended the transcript by sending up a copy of the writ of attachment issued by the justice of the peace and under which Wolf made the levy. This writ, with the return thereon showing that the stock of goods, horse and wagon were levied upon, was read in evidence. Therefore the point made by appellants that there is nothing to show that Wolf in seizing the goods acted officially, that is under some writ or process issued by a court having jurisdiction, goes for nothing.

The further contentions that the relator failed to make her election under the statute, and that she failed to make selection of the specific goods in place of the articles specially exempt under section 4903 of the statute, must likewise be overruled. The written notice was a sufficient election. In it the relator asserted the right to claim under both sections (4903 and 4906), which under the circumstances she could have done. She could have claimed the horse under section 4903 and a sufficient amount of other property under section 4906 to make $300 in value; Mahan v. Scruggs, 29 Mo. 282. It was impossible for relator to make her selection under the law, when she had no knowledge of the property held by Wolf, and the officer peremptorily denied her right to any exemptions at all. The judgment of the circuit court will be affirmed. All concur.