**PACIFIC FINANCE LOANS, INC.,
Plaintiff-Appellant,**

.v.

**Charles C. RICHARDSON et al., Defendants,
Milladean Richardson, Defendant-Respondent,
Harold Hoeh, Constable, Intervenor.**

**No. 32048.**

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1967.

W. W. Sleater, St. Louis, for plaintiff-appellant.

Goldberg & Kline, St. Louis, for defendant-respondent.

Joseph B. Moore, County Counselor, Clayton, Thomas W. Wehrle, Deputy County Counselor, Patrick M. Fiandaca, III, Associate County Counselor, for intervenor.

ANDERSON, Judge.

This is an appeal by Pacific Finance Loans, Inc., from an order and judgment of the Circuit Court of St. Louis County dismissing its appeal from the Third District Magistrate Court of St. Louis County. The relevant facts as they appear in the transcript before us are as follows.

On March 2, 1956, appellant obtained a judgment in said Magistrate Court against Charles C. Richardson and Milla Richardson, husband and wife. This judgment was revived on June 20, 1962 in the sum of Five Hundred Fifty-nine Dollars and Seventy-one Cents ($559.71), and costs.

On August 13, 1962, an execution on this judgment and a writ of garnishment in aid thereof was issued. The writ of garnishment was directed to Ladue Local Lines, Inc., returnable November 9, 1962, and was signed by Robert C. Kelly, Constable. By this writ, said garnishee was ordered to answer on oath such interrogatories that might be exhibited and propounded to it by plaintiff touching its indebtedness, etc. to the defendant Charles C. Richardson. There was the further recitation that "I (Constable) do attach, in your hands, all debts due from you to the said defendant, or so much thereof as shall be sufficient to satisfy the debt, interest and costs in above case." This writ was served on August 17, 1962.

The transcript reveals that on August 23, 1962, defendant, Charles Richardson, executed an affidavit to obtain a release of 90% of the funds attached under said writ, same alleged to be wages due him from garnishee. It was also alleged in said affidavit that he is married and head of a family and therefore entitled to said exemption under the law. The record does not show whether this claim of exemption was or was not allowed. There seems to have been further proceedings in this garnishment proceeding. Apparently interrogatories were filed by plaintiff and an answer to them filed by the garnishee, since there is a notation in the transcript that a denial of the answer of the garnishee was filed by plaintiff on November 20, 1962, and the cause set for hearing November 30, 1962. Following this, there is an entry reciting that on November 30, 1962, the hearing on the denial of the answer of the garnishee was continued by consent to February 28, 1963. There is also an entry made on the same day that a notice of appeal was filed by plaintiff's counsel from a denial of its motions. This apparently referred to a motion filed by plaintiff on November 20, 1962, " * * * to hold Constable and Surety on his bond and motion to re-tax $4.85 constable costs," which motions were denied on that date.

However, the above mentioned appeal is not the appeal before us. We refer to it merely to show the confused state of the record in this case.

On November 9, 1962, another execution and garnishment in aid was issued. The writ of garnishment was directed to Ladue Local Lines, Inc., returnable February 13,

1963, and was signed by Robert C. Kelly, Constable. By this writ said garnishee was ordered to answer on oath such interrogatories that might be exhibited and propounded to it by plaintiff touching its indebtedness, etc. to defendant Milla Richardson. There was the further recitation that "I (Constable) do attach, in your hands, all debts due from you to the said defendant, or so much thereof as shall be sufficient to satisfy the debt, interest and costs in the above case." This writ was served on Ladue Local Lines, Inc., on November 16, 1962.

On November 30, 1962, defendant, Milla Richardson, executed an affidavit alleging that the fund attached represented wages due her from garnishee; that she is married, the head of a family; a resident of St. Louis County, Missouri, and that the affidavit was executed for the purpose of obtaining a release of 90% of all wages due her from her employer, as provided by law. After the return date of the writ, the cause was continued from time to time, the last being from April 11, 1963 to April 24, 1963. Apparently no interrogatories were filed, since none appear in the transcript.

On March 29, 1963, Robert C. Kelly filed in said cause in the Magistrate Court, a motion which is in words and figures as follows:

"Comes now Robert C. Kelly, the duly elected, qualified and acting Constable of the Third District, St. Louis County, Missouri, by and through his attorney, the St. Louis County Counselor, and respectfully prays this Court for an order authorizing and directing said Constable to dispose of proceeds paid over to said Constable through the garnishment process,

"UPON THE GROUNDS THAT:

"1. Execution of Garnishment was issued to the Third District Constable, and thereafter Defendant Milla Richardson, after having made an Affidavit for exemption as head of a household, pre-sented same to Garnishee, Ladue Local Lines, Inc.

"2. Prior to the return date (2/13/63) of the Execution for Garnishment, Ladue Local Lines paid to Constable the sum of One Hundred Twenty-six Dollars Forty-Six Cents ($126.46), although an Affidavit authorizing said Garnishee to release ninety per cent (90%) of said sum was presented to said Garnishee, Ladue Local Lines, Inc.

"3. Thereafter, Defendant Milla Richardson sought from movant the Release of ninety per cent (90%) of her wages after the Garnishee had paid over the entire sum to this movant, and the Plaintiff Pacific Finance Loans, Inc., claimed that Defendant was not entitled to head of household exemption, and a dispute as to the proper disposition of such garnisheed funds has arisen.

"NOW THEREFORE, Robert C. Kelly, Constable, Third District, St. Louis County, Missouri, respectfully prays this Court to issue its Order directing said Constable to dispose of said garnisheed funds according to law."

Thereafter, there appears in the transcript in said cause the following: (Caption omitted)

"No 32106 District 3rd   April 24, 1963

"Motion of Constable Robert C. Kelly, 3rd District, St. Louis County, for an order of court for disposition of proceeds paid to said Constable by writ of garnishment, heard, argued and Court orders disposition of $126.46 presently in the hands of said constable to be paid by said constable as follows: 90% of said fund to be paid to Milla Dean Richardson on basis of her head of household affidavit dated Nov. 30, 1962; 10% of said funds to be paid to the plaintiff, Pacific Finance Loans, Inc.

/S/ "Herbert C. Funke, Judge"

Thereafter, there appears in the transcript in said cause a notice of appeal, dated May 3, 1963, signed by plaintiff's attorney, as follows:

"Notice of Appeal is hereby filed with the Third District Magistrate Court of St. Louis County, that the above named Plaintiff does hereby appeal to the Circuit Court of St. Louis County, Missouri, from the judgment entered in favor of the above named Defendant, Milla Richardson, on the Motion of Constable Robert C. Kelly, Third District, St. Louis County, for an Order of Court for Disposition of Proceeds of Garnishment, the said judgment entered on the 24th day of April, 1963."

After the transcript of the Magistrate Court was filed in the Circuit Court, there was a hearing before Judge Hoester. Apparently, there was no evidence offered other than the Magistrate Court's transcript, for none appears in the record before us. The ruling of the Circuit Court, as it appears in the transcript was as follows:

"THEREAFTER, on the 1st day of May, 1964, said cause was called for hearing in the Circuit Court of St. Louis County, Missouri, before Honorable Robert G. J. Hoester, Judge of Division No. Eight, plaintiff appeared with attorney, defendant Milla Richardson appeared by attorney, and the Court entered of record its order denying the appeal of plaintiff on the ruling of the Magistrate on the Motion of Robert C. Kelly, Constable, as per the following memorandum, (omitting caption):

"Cause called, plaintiff appears, and defendant Milla Richardson appears by attorney. Appeal of Plaintiff on ruling of Magistrate on Motion of Robert C. Kelly, Constable, denied.

/S/ "R. G. J. Hoester"
            /S/ "W. W. Sleater,
                    Atty. for Plaintiff
        /S/ "Israel Goldberg,
                Atty for Milla Richardson"

Appellant has treated the above ruling as an order of dismissal of the appeal, and we will so regard it. After timely motion for new trial was filed by plaintiff, and overruled by the Court, plaintiff filed its notice of appeal to this court from the judgment of May 1, 1963.

Appellant's sole contention is that the Court erred in dismissing its appeal. In support of this contention, it is urged that Milla Richardson, respondent herein failed to sustain her burden of proving that she was at the time of filing the exemption affidavit, the head of a family and entitled to the 90% exemption under the law. In the argument portion of its brief it is pointed out that respondent offered no evidence whatever on the subject and it is argued that since her husband had previously claimed said exemption the exemption was not available to her. It should be noted that the husband's affidavit was executed on August 23, 1962, and that respondent's claim for exemption was contained in the affidavit executed by her on November 30, 1962. Appellant's argument presupposes that the Magistrate had jurisdiction to decide the issue.

It is our opinion that the trial court did not have such jurisdiction and that the appeal was properly dismissed for the reason that the judgment of the Magistrate had no validity. It has been held by our Supreme Court and by this Court, that the whole subject matter of the debtor's protection of his exemption rights is committed to the officer making the levy, and that a Court has no jurisdiction to allow or disallow same. State to Use of Conklin v. Barada, 57 Mo. 562; State ex rel. Lewis v. Barnett, 96 Mo. 133, 8 S.W. 767; Eisenberg v. Northwestern Turn & Liederkranz Ass'n, 70 Mo.App. 436. The above cases hold that if the Constable allows the exemption he should make his return with a declaration therein that he reserved and set over to the debtor so much of the garnishee's indebtedness as the exemption right covered. These cases are quite old, but

they are based on the principle that inferior courts are creatures of statutes and have no authority beyond that given them by statute. We find no statutory changes granting further authority to Magistrates or lesser authority to Constables. So, the cited cases are just as applicable today as when they were written.

The judgment of the Magistrate was under the foregoing authorities coram non judice, and the appeal of plaintiff to the Circuit Court from same did not confer jurisdiction on said Court. Eisenberg v. Northwestern Turn & Liederkranz Ass'n., supra.

The judgment appealed from is affirmed.

WOLFE, P. J., and RUDDY, J., concur.