Pettibone, J.,
.delivered the opinion of ther Court.
This is an action brought before a Justice of' the Peace, by Perry, against Block, Stimner and Racine, for digging ore on land claimed by Perry. Judgment, before *343 the Justice of the Peace, for the plaintiff. Block, one of the defendants, appealed to the Circuit Court of Washington county. The plaintiff moved the Courl to dismiss the appeal, because only one defendant had appealed. The Court dismissed the appeal, on this motion, and afterwards set aside the entry which had been made, on the motion to dismiss the appeal, and overruled the motion to dismiss sa'd appeal. The parties afterwards went to trial, and judgment was given for Block, Stimner and Racine. Ferry, the defendant in the Circuit Court, tiled exceptions to the opinion of the Court, in which it was stated, that the plaintiff proved the survey of the tract of land mentioned in the complaint, (to the Justice,) by the person who surveyed if, but did not offer the plat of survey in evidence, and that testimony was excluded by the Court, because the plat of the survey was not produced. The plaintiff proved a survey of the’ premises in 1807, by one Smith, and acts of ownership exercised over it from that time by Smith, till 1819, when he leased it to Perry, the plaintiff. The said Perry’s lease was proved, and possession was shown in him, from that time, by his digging ore, and receiving-that dug by his permission, till the time of the trial; that Stimner and Racine dug ore on the said land, and Block carried away ore dug by them j and. no other evidence, materially different from the above, was given. The plaintiff, Perry, also produced a transcript from the Justice’s docket on which was written the te-stimony of some witnesses, on the trial before the Justice, which he required to he read in evidence; .all which was rejected, except a part admitted by Block.
The errors assigned, are:
First. The Circuit Court erred in setting aside the order of the said Court, dismissing the appeal in said Court.
Second.. The Circuit Court erred in overruling the motion made by said Perry, to dismiss the appeal from the judgment of the Justice of the Peace.
Third. The Circuit Court erred in rendering judgment in said cause against said Perry, in favor of Block, Stimner and Racine.
Fourth. The Circuit Court erred in rejecting the evidence of survey, offered by Perry.
Fifth. The Circuit Court erred in instructing the j ury, that, upon the whole evi- . dence in the cause, the plaintiff could not recover.
Sixth. The Circuit Court erred in instructing the jury, that the transcript offered in evidence, was evidence of.no other fact than that which was admiltted by defendant.
Seventh. This is a general assignment of error.
The first and second assignments, the Court will pass over as they are not sayed by. a hill of exceptions, and are no part of the record.
Third. The third assignment of error is good. Block appealed, and the judgment could not correctly be given for Stimner and Racine, who ai e not parties to. the record.
Fourth. A majority of the Court think, the testimony of the witness to prove the survey, wa3 admissible, without producing the plat of survey made by himself, and though the materiality is not very obvious, yet, as it might have been material, and was not objected to on that account, it ought not to have been rejected.
Fifth. The Court thinks the fifth assignment of errors good. It is true, that where there is no title, there the parly must be strictly confined to his possession, in point of fact, and has no ideal close, such as the law attaches to a title. But here a pos *344 session was proved in the plaintiff, and it belonged to the jury to say, whether the acts of the defendants were trespasses on his possession.
Sixth. The transcript of the docket of the Justice of the Peace, is admitted to prove nothing but what the law requires to he written on the .docket; and a transcript being filed, when the case was brought into the Circuit Court, is evidence that there was a trial, and of the proceedings had in the trial. The law no where requires a Justice of the Peace to write down the testimony of witnesses on the trial of an action, and it is therefore not admissible evidence of the truth of the facts sworn .to on the trial.
The next question is, what shall be done with the cause. The plaintiff, undoubtedly, has right to appeal. Ho cannot summon and sever before (he Justice of the Peace, because it is a mode of proceeding, authorized by the statute establishing the tribunal of Justices of the Peace. He cannot get the benefit by a writ of certiorari, for that, as used to take cases up to the Circuit Court, from the Justices of Peace, is a creature of the statute, and gives to the Court no authority to do more than to examine the docket, to ascertain if the proceedings be regular, and if they be found irregular, to try the cause, ds novo, on the merits. This Court refused to assist an appellant from the Circuit Court similarly situated, because he could resort to his writ of error. But the appellant from the Justice of the Peace, having no such remedy, might sustain an injury by the refusal of the other defendants to join in the appeal. And if defendants are thus to be barred from appealing, a dishonest plaintiff might easily find means to ruin any man, by suing him jointly, with others as unprincipled as himself.
The judgment of the Circuit Court is reversed, and the cause remanded; and this .Court directs the Circuit Court to allow the defendant, Block, to summon the other defendants in that Court, and sever from them. The defendant, Block, will pay the costs of this appeals