STATE OF MISSOURI, TO THE USE OF M. M. LALLEY, Respondent, *v*. JAMES CARROLL ET AL., Appellants.

### June 22, 1880.

1. A defective statement of a cause of action is cured by verdict.
2. A justice's transcript of a docket-entry of judgment is evidence of the rendition of a judgment by him.
3. In the absence of evidence, it will be presumed that the justice who rendered the judgment was the proper custodian of the docket, and the proper person to certify the transcript.
4. Where a fact necessary to a recovery is proved by uncontradicted documentary evidence, a refusal to instruct that unless it was proved there could be no recovery, is not ground for a reversal.
5. Where the constable summons one as garnishee on execution, he is bound to notify the execution debtor of his exemption rights.

APPEAL from the St. Louis Circuit Court, WICKHAM, J. *Affirmed*.

LUCIEN EATON and L. J. SMITH, for the appellants.

DAVID MURPHY and A. W. MEAD, for the respondent.

BAKEWELL, J., delivered the opinion of the court on a rehearing.

This is an action against a constable and the sureties on his official bond. There was judgment against defendants, and execution was ordered for the amount claimed. It appears from the evidence that Reed and Green recovered judgment before a justice against Lalley, for whose use this action is brought. Maloney was then, at the instance of Reed and Green, summoned as garnishee of Lalley, on execution issued on that judgment, and such proceedings were

had that Reed and Green recovered judgment against the garnishee. On this judgment in favor of Reed and Green and against Maloney as garnishee of the execution defendant, Lalley, an execution issued against Maloney, which was placed in the hands of Carroll, as constable. On this execution the money was made, and by Carroll paid to Reed and Green, the execution plaintiffs. After the judgment in the garnishment proceeding had been rendered against Maloney, Lalley claimed the indebtedness of Maloney to him as exempt from execution; but the constable disregarded the claim, and paid over to Reed and Green the amount collected by him on their execution against Maloney, garnishee of Lalley. There was evidence that Lalley was the head of a family.

The petition was carelessly drawn, and was in more than one respect defective. The answer was a general denial. Defendants, on the trial, objected to the introduction of any evidence, on the ground that the petition showed no cause of action, and specifically because it contained no averment of any judgment. The objection was overruled. The prayer of the petition was that the plaintiff recover the amount to which he claimed he was damaged by the breach alleged. Plaintiff was allowed to amend in this respect during the trial, and in granting this permission there was no error. No offer was made to amend in other respects. The petition alleged the issuing of an execution against Lalley, and also the issuing of an execution against the garnishee; but there was no allegation of any judgments on which these executions were issued. The cause of action was defectively stated. But if these facts were proved on the trial, and there was no question of surprise, we think that these defects were cured by verdict, and that the trial court committed no error in overruling the motion in arrest, so far as it was founded upon the insufficiency of the petition.

It is claimed by appellants that there was no proof of these judgments. The evidence offered, and admitted

against the objection of defendants, was transcripts of the docket-entries of the justice rendering these judgments, certified by the justice. Copies of proceedings before justices, certified by the justice before whom they were had, or by him in whose lawful custody they are, are evidence of such proceedings. Rev. Stats., sect. 2323. The law requires every justice to keep a docket, in which he shall enter, among other things, the judgment and the time of entering it. Rev. Stats., sect. 2844. And the docket of a justice is evidence of such entries as the law requires to be made. 1 Mo. 484; 8 Mo. 159, 512. The justice who certified the transcript of the docket-entries was the justice before whom the cause was tried. We think it must be presumed, in the absence of proof to the contrary, that he was the proper custodian of the docket. *Linderman* v. *Edson*, 25 Mo. 109. The certificate seems to be in due form, and by the proper officer. The objection that the transcripts of these docket-entries were incompetent, not proved, nor certified by any officer, was, therefore, properly overruled.

But, not only was there no allegation of a judgment against the garnishee, but nothing was said as to the necessity of such a judgment in the instructions.

The instruction given for plaintiff was the only instruction in the case, and was as follows : —

"If the jury find from the evidence that Lalley, at the date of service of execution by defendant Carroll, and the collection of the debt due by Maloney as garnishee of Lalley, was a resident of the State and head of a family, then he was entitled under the law to hold exempt from levy household and kitchen furniture necessary for his family, beds and bedding not exceeding four, all of the value of $100 ; and in addition thereto, in lieu of specific property mentioned in sect. 9, any other property, debts, or wages, of the value of $300. This being a right guaranteed by law to the execution debtor, it is made the duty of the officer to apprise him of his rights, and recognize and respect the ex-

ercise of the rights, and the selections of exemptions made by virtue of such right. And if the evidence shows that the officer neglected to notify the debtor, or that he refused to permit him to select and hold the full amount of property, debts, or wages exempt from levy or garnishment by statute law, then he and his bondsmen are liable on the bond, and plaintiff is entitled to recover in this action judgment for the use of the injured party for the value of the amount collected on garnishment, and interest at six per cent per annum from the date of the collection thereof by defendant Carroll. And if the jury find for the plaintiff, they shall separately state in their verdict the amount that plaintiff is entitled to recover, and then the interest thereon.''

And defendants asked an instruction that, '' unless the jury find from the evidence, that after the summoning of Maloney as garnishee there was a valid judgment rendered against him as garnishee, he is not discharged by the payment of the debt to Carroll, and still owes it; and the burden of proving a judgment valid in every respect against Maloney rests upon plaintiff.'' This instruction was refused.

It was unquestionably erroneous to refuse this instruction. If Maloney involuntarily paid to the constable what he owed Lalley, Lalley could not be damaged by that, as he did not thereby lose his debt, and could not be affected by such payment. But in view of the fact that the judgment against Maloney was proved, and that there could be no question as to this fact, we do not think that the omission in the instruction given, or the refusal of this instruction asked, could prejudice appellants, and therefore this action of the trial court will not warrant a reversal of the judgment.

If plaintiff was entitled to recover on the facts in evidence, no sufficient ground appears for reversing the judgment. As to this, we were of opinion that the facts as stated did not warrant a recovery. We held that the statu-

tory provision requiring the constable to notify the execution debtor of his right to exemption applied only to a case of levy, and that the summoning of a garnishee was not a levy; that the constable was guilty of no breach of duty in not notifying Lalley of his legal rights, and was bound to pay over the money collected on judgment and execution against the garnishee to the plaintiff in that execution. Our attention had not been called to the ruling of the Supreme Court in *The State to use* v. *Barada*, 57 Mo. 562, which seems to be directly in point, and which cannot be reconciled with the views expressed in the former opinion in this case. Reference was made to this case in the brief of respondent, but not in such a way as to call our attention to the point involved. The decision is a controlling one, and upon its authority the judgment of the Circuit Court must be affirmed. In that case the claim was made by the execution debtor before judgment was rendered against the garnishee, whilst in the present case the execution debtor made no claim until judgment had been entered against the garnishee and the money collected from him on execution. But that seems to be an immaterial difference. It is there held that, before summoning his debtor as garnishee, the constable is bound, as in a case of levy, to notify the execution debtor of his rights; that the garnishee cannot set up in his answer that the property is claimed as exempt, but that the officer must show the facts in his return upon the execution, with the debt or amount reserved and set over to the defendant. This was not done in the present case, and the damage was the necessary and direct consequence of the omission of what the Supreme Court declares to be the constable's duty. We are referred to the recent case of *Brown* v. *Hoffmeister*, 71 Mo. 411. But the note of this case to which we are referred does not appear to be at all in disaccord with the ruling in *The State* v. *Barada*. It merely holds that where it appears that the execution

debtor has notice of his rights it is not necessary that he should be notified, and that the constable is not liable for not giving a notice which, in truth, he could not give, for notice cannot be given one who already has notice. In the case at bar, it does not appear that Lalley had notice of his right to exemption until he filed his claim. He then made every effort to protect himself. Whether the constable ought then to have paid the money over to Lalley, we need not determine. He is, at any rate, liable for neglecting to notify him before summoning the garnishee, according to the doctrine of the case just cited, and that is sufficient to warrant a recovery; and, as we have seen, however defective the petition is in the present case, it will support the judgment, and the verdict was warranted by the evidence.

The judgment must be affirmed. Judge HAYDEN concurs; Judge LEWIS did not sit.