STATE OF MISSOURI TO THE USE OF T. MAHER, Appellant, *v.* GERVAIS SONDAG ET AL., Respondents.

March 18, 1884.

1. CONSTABLES — EXEMPTIONS — GARNISHMENTS — DAMAGES. — A constable is bound to notify the execution debtor of his exemption rights before summoning a garnishee, and is liable for the damages which are necessarily occasioned the debtor by reason of his omission to perform this duty.

2. —— No damage results from a failure of a constable to notify a judgment debtor of his exemption rights before summoning a garnishee, where no judgment is rendered against the garnishee, and where no malice or oppression in office is shown.

3. JUDGMENTS — PRACTICE — PENAL BONDS. — Judgment· can not be rendered for an amount in excess of the amount claimed, nor, in an action on a penal bond, for an amount less than the penalty of the bond.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Affirmed.*

O. G. HESS, for the appellant: Any neglect of duty by a constable fixes his liability on his official bond, because the condition of the bond is broken. — Thompson on Exemption, sect. 878 ; *The Commonwealth* v. *Stockton,* 5 Mon. 192; Crocker on Sheriffs, sect. 864 ; *The State etc.,* v. *Powell,* 44 Mo. 436 ; *The State, etc.,* v. *Moore,* 19

Mo. 369 ; *The State, etc.,* v. *Shacklett,* 37 Mo. 285 ; *Rollins* v. *Duvall,* 13. Mo. 437 ; *Harris* v. *Hanson,* 11 Mo. 246. Where an officer, professing to act officially, invades the legal right of a person, the same presumption arises, and the officer is liable, although no damage is proved. — 2 Sedgw. on Dam. (7th ed.), top pp. 453, 454, 455, 456 ; side p. 511–513.

P. LEAHY, for the respondents.

BAKEWELL, J., delivered the opinion of the court.

This is an action against defendant and the surety on his official bond.

The petition, after setting out the condition of the bond, assigns as a breach of it that an execution issued by Justice Young in favor of defendant Reilly, and against plaintiff, was placed in the hands of defendant Sondag, as constable ; that, at that time, the St. Louis Ore and Steel Company owed plaintiff one hundred dollars for wages ; that Sondag, without notifying plaintiff, appointing appraisers, or giving plaintiff any opportunity to claim this money as exempt, levied this execution on this money due to him by the Ore and Steel Company ; that plaintiff notified Sondag that the property was claimed by him as exempt, but that defendant Sondag refused to release the same ; by reason of which the money is lost to plaintiff. The petition further states that both defendants well knew that Sondag had no right to prevent this money from being paid over to plaintiff, and that they maliciously conspired together to oppress plaintiff in the premises, by reason of all which he has been put to great trouble and expense in trying to procure the release of said money, and has been greatly injured by injury to his business, and loss of time, and anguish of mind, etc., to his damage $500, for which he asks judgment.

To this petition no demurrer was interposed, but defendants filed a general denial.

Plaintiff testified that he was a resident of St. Louis and a married man, living with his family in St. Louis ; that on August 18, 1882, the St. Louis Ore and Steel Company owed him $70 for wages, which he demanded on that day, being pay day, and which the company refused to pay, and had never paid ; and that Sondag never told plaintiff anything about the levy before it was made.

The chief clerk of the Ore and Steel company testified that $70 was due plaintiff by the company for wages, and that he was not paid because of a notice of garnishment served on the company, and that he has not been paid since then, for that reason.

The notice of garnishment is dated August 18, 1882, and is signed " Gervais Sondag, constable first district." It is directed to the St. Louis Ore and Steel Company, and states that, by virtue of an execution issued by Justice John M. Young, a justice of the peace within and for the city of St. Louis, in favor of B. O'Reilly and against Thomas Maher, returnable before the said justice on November 15, 1882, the company is summoned as garnishee in that writ, to appear, on a day named, to answer interrogatories, etc. ; and that the constable attaches in the hands of the company any goods of Maher, and all debt due by the company to Maher. The judgment and execution were also put in evidence; and the return on the execution states that the garnishee was summoned to appear before Justice Lobsinger of the first district, and that no goods were found in the constable's district belonging to Maher. The answer of the garnishee was filed on August 25th, before Lobsinger, and admits an indebtedness to Maher by the company of $30 due on August 19th, and $40 to become due on September 19th.

It appears that the original judgment against Maher was before Young, justice of the fifth district, for $42.24 and costs which was revived before Young on March 14, 1882 ;

that Sheehan was the successor of Young, and that Lobsinger is justice of the first district. There was evidence that on August 22, 1882, plaintiff notified defendant Sondag, in writing, that he claimed as exempt, all money due him by the Ore and Steel company. The present action was begun on September 4, 1882.

At the close of plaintiff's case, the court, at defendant's instance, instructed the jury to find for defendant. Whereupon plaintiff took a non-suit, which the court refused to set aside.

The statute provides (Rev. Stats., sect. 2546), that if the garnishee fail to appear, the plaintiff may take judgment against him by default, or, at plaintiff's option, the justice shall attach him until he fully answers. There was no judgment against the garnishee before Justice Young, and there could be none, because the return to the execution was that the garnishee was summoned to appear before Lobsinger. There was no judgment against the garnishee before Lobsinger, and there could be none, because the judgment against the original defendant was not in that district, and the execution on which the garnishee was summoned was returnable to another justice. No reason whatever appears why the garnishee should not pay the money over to Maher. The constable was bound by law to notify the execution debtor of his rights before summoning the garnishee; and, for any damage which ensued to plaintiff as the direct and necessary consequence of this omission, he would be liable to plaintiff. *The State* v. *Carroll*, 9 Mo. App. 279. But it does not appear that any damage accrued to plaintiff as a consequence of this omission. The return of the constable upon the execution was no foundation for any proceeding against the garnishee.

If there was any evidence tending to show that the constable maliciously served upon the debtor of plaintiff the notice of garnishment offered in evidence, for the purpose

of harassing plaintiff, and intimidating plaintiff's debtor, and that, by this oppression in office, plaintiff had been damaged, an action might lie; but there is no evidence tending to show this. The fair inference from the testimony is, that the action of the constable was a pure mistake. It does not appear that plaintiff requested the constable to notify the Ore and Steel company that they were not liable to a judgment as garnishees of plaintiff on account of any action of the constable in the premises; but, two weeks after the notice was left by the constable with the company, plaintiff filed his action against the constable asking damages.

The petition is, in many respects, informal and defective. The law requires, that in an action on a bond, or the breach of any condition other than the payment of money, judgment shall be rendered for the penalty. Rev. Stats., sect. 570. In the case at bar, the bond is for five thousand dollars, and judgment is asked for $500. It would have been erroneous to enter judgment for an amount not claimed in the petition, and also erroneous to enter judgment for a less sum than the penalty of the bond. Whether on this ground alone, or on account of other obvious defects in the petition, we should have affirmed the judgment under the circumstances, if plaintiff had made out a case by his evidence, we need not consider. There is no evidence of malice and oppression in office to furnish ground for exemplary damages against defendants, and none of any actual loss to plaintiff as the direct and natural consequence of the erroneous action of defendant. For this reason, we think the judgment should be affirmed. It is so ordered. All the judges concur.