STATE *ex rel.* MARY E. COTTON, Appellant, v. JAMES T.
LINDSAY *et al.*, Respondents.

St. Louis Court of Appeals, February 1, 1898.

1. Assignment: EVIDENCE: SUFFICIENCY. *Held:* That the evidence
in this cause is not sufficient to show an assignment prior to the gar-
nishment of the debt due plaintiff from the garnishee.

2. Bond, Constable's: BREACH: LIABILITY FOR FAILURE TO APPRISE
EXECUTION DEBTOR OF EXEMPTION RIGHTS. The failure of the con-
stable to apprise plaintiff of her exemption rights and protect such
rights, after he was notified of her claim and right to certain money
in his hands, was a clear breach of duty on his part, for which he
was liable on his official bond.

*Appeal from the Louisiana Common Pleas Court.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

*Pearson & Pearson* for appellant.

The plaintiff is both a married woman and the head of a family, and was entitled to her exemptions under Revised Statutes 1889, section 6864, and *Id.* sections 4903–4906.

The failure of the constable to apprise plaintiff of her exemptions and to respect such exemptions when demanded of him, constitutes a breach of the conditions of his bond, and he is liable thereunder. *State ex rel. v. Barnett*, 96 Mo. 133; *Paddock v. Lance*, 94 *Id.* 283; *State ex rel. v. Beamer*, 73 *Id.* 37; *State ex rel. v. Barada*, 57 *Id.* 562; *State ex rel. v. Bierwirth*, 47 Mo. App. 551; *State ex rel. v. Harrington*, 33 *Id.* 476.

*Fagg & Ball* for respondents.

The testimony in regard to the agreement between defendant Hill and Mrs. Cotton, is uncontradicted by any fact or circumstance in the case. It was, in substance, that the accounts for the board of the railroad men should be made out in the name of Hill, the money to be collected by him and placed to the credit of Mrs. Cotton on her account with him. This was such an agreement as amounted to an equitable assignment to Hill of her claim against the railroad. *Kimball v. Donald*, 20 Mo. 577; *Ford v. Angelrodt*, 37 *Id.* 50; *Engler v. Rice*, 20 *Id.* 583.

BOND, J.—This action is upon a constable's bond for failure to notify plaintiff of the exemptions to which she was entitled as the head of a family. The damages

claimed are $104. This suit arose out of the following facts: One W. C. Hill, obtained a judgment against the plaintiff before a justice of the peace for $105.40. Execution was issued upon said judgment and the constable in charge thereof garnished the Chicago & Alton Railroad Company. The latter answered admitting its indebtedness to the defendant in the execution in the sum of $103.62, which was paid over to the defendant as constable in charge of the execution against plaintiff. It is admitted by defendant that he received a written notice from plaintiff claiming her exemptions as the head of a family while he was in possession of the sum paid by the garnishee, and that notwithstanding such notice he paid over the money to the plaintiff in the execution in his hands. The latter at his own instance was made a party to this suit, and testified in substance that the plaintiff was a boarding house keeper and had orally agreed that money coming to her for the board of the employees of the railroad should belong to him in payment of supplies furnished by him, and that she would turn over to him accounts in her favor against the railroad company. This evidence was received over plaintiff's objection. The case was tried by the court without the intervention of a jury, who made the following finding: "That Mary E. Cotton, the plaintiff, is a married woman and entitled to the same exemptions as a head of the family. The court further finds that the debt due from the Chicago & Alton Railroad Company to plaintiff Mary E. Cotton had been assigned by Mary E. Cotton to W. C. Hill, party defendant in this cause prior to garnishment, and that plaintiff is not entitled to exemptions out of said assigned debt. It is therefore considered and adjudged by the court that the defendant have and recover of plaintiff all costs and charges incurred in this behalf and have exe-

cution therefor." From this judgment plaintiff appeals to this court.

The point in this case is as to the sufficiency of the evidence to show an assignment prior to the garnishment of the debt due plaintiff from the Chicago & Alton Railroad Company. If Hill was the assignee of that fund, it could not be subjected to garnishment upon an execution in his favor against the plaintiff. For garnishment upon execution in favor of A. against B. can only reach property and effects belonging to B. It does not sequester property and effects which belong to A. The testimony of Hill shows that no assignment of the fund seized by the constable on the writ of garnishment was ever actually made or executed to him. The extent of his testimony is that certain prior bills had been put in his name by the plaintiff, but it wholly fails to show that she ever carried out her promise to him to assign bills representing what was in the hands of the garnishee when the garnishment was served, or that she agreed on the amount thus held and assigned it to him. That he did not claim as assignee of this remainder is shown by his causing it to be seized as her property and the return of the constable that it was applied as her property to an execution against her. Upon the admissions of the defendant constable and the other evidence contained in this case, there was a clear breach of duty on his part in failing to apprise plaintiff of her exemption rights and protecting such rights after he was notified of plaintiff's claim and right to the money in his hands. The judgment herein will be reversed and the cause remanded, to be tried in conformity with this opinion. All concur. Judge BIGGS in the result.

*Margin notes:* ASSIGNMENT: evidence: sufficiency.  CONSTABLE'S bond: breach.