**Mabel Edd DANCER, Appellant,**

v.

**C. Douglas CHENAULT et al.,**
**Respondents.**

**No. KCD 27080.**

Missouri Court of Appeals,
Kansas City District.

Sept. 8, 1975.

James L. Muller and Dennis D. Palmer, The Legal Aid and Defender Society of· Greater Kansas City, Inc., Kansas City, for appellant.

Fred Bellemere, Jr., Kansas City, for respondent; Bellemere, Manford & Bellemere, Kansas City, of counsel.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

PRITCHARD, Chief Judge.

The issue is whether appellant is entitled to recover substantial damages from former constable, C. Douglas Chenault, of the 7th District Magistrate Court of Jackson County, because of his admitted failure affirmatively to apprise appellant that she was entitled to a 90% exemption upon the garnishment of her savings account in the Southeast State Bank, garnishee, as required by § 513.445, RSMo 1969.

Appellant claims that the trial court erred in awarding her (nominal) damages of $1.00 and costs, and against respondent Chenault alone, omitting to grant judgment also against his surety, State Surety Company.

On July 19, 1971, Household Finance Corporation obtained judgment against appellant, then Mable Edd and Rochester Edd for $1,291.81. Execution issued thereon on March 7, 1972, from the magistrate court. Respondent Chenault thereupon issued Notice and Summons of Garnishment to the Southeast State Bank, returnable June 5, 1972. The bank was served with the garnishment notice of summons on March 15, 1972, and it first, on the next day, filed answer to interrogatories that it was "Unable to locate account in the name of Mable Edd Dancer." On March 20, 1972, Household Finance's counsel wrote Southeast State Bank that it had verified the fact that appellant had an account with it in her name. The next day, March 21, 1972, respondent Chenault (by a deputy, Cassidy) issued a "Release and Order on Garnishee" directing this: "You are hereby ordered to pay into this court the sum of $356.96 held by you as garnishee in the above entitled cause and upon such payment you will be

discharged from all liability as such garnishee." On March 22, 1972 (the date is not clearly legible) the bank issued its cashier's check to the "Clerk Seventh District Magistrate Court" for $356.96, and notified appellant that it had charged her account for that amount.

On March 23, 1972, appellant contacted her then counsel with respect to the instant garnishment. According to appellant, her "Affidavit for Claim of Exemption", prepared by her counsel, was not filed, and received by respondent Chenault personally, until April 7, 1972, because she had to go out of town for a whole week or better to be with her sick mother in Arkansas. Prior to that conference, appellant had another conference on March 16, 1972, with her then counsel in regard to a garnishment\ of wages upon her employer, American Building Services. Her counsel advised her that as head of a family and that only 10% of her wages could be held, "and he had it released for her." Further, appellant first testified that her counsel advised her that her household goods would have been exempt up to $200 and that she would have the right to have other property up to the amount of $500 exempt, but she later recanted that testimony on the ground that she did not understand, and denied that her counsel told her that she could have those exemptions. It is fairly inferable from appellant's entire testimony, and the trial court must have so found, because it entered judgment for nominal damages for appellant, that at the time of the garnishment she did not have knowledge of her exemption of property up to $500.00 in value other than 90% of her wages or under § 513.440. The case relied upon by respondents, *State ex rel. Bellemere v. O'Neill, et al.*, 78 Mo.App. 20 (1899), is not in point. [Coincidentally and historically it is interesting to note that counsel for respondents, Mr. Fred Bellemere, Jr., in this garnishment-exemption case, stated to the trial court that the parties in the garnishment-exemption case of *Bellemere*, supra, were his grandfather, George L. Bellemere, and his brother, John H. Bellemere.] It was in *Bellemere* agreed that between the time of the garnishment and rendition of judgment against the garnishee the relator (the judgment debtor) notified the sheriff of his exemption claim. The failure of the sheriff to apprise relator that he was entitled to the exemptions under the statutes was the sole stated ground for recovery, the court noting " * * * [T]here are cases, to some of which we have been referred, where the above stated breach has been coupled with one to the effect that the officer had failed to allow and set off the exemption. If the petition in the present case had contained such an additional allegation, possibly the case would occupy a more favorable attitude before us than it does." (78 Mo.App. 27) Here, appellant pleaded that she filed an affidavit for claim of exemption with the magistrate court (it shows that respondent Chenault also received it) on April 7, 1972, but "defendant Chenault refused to hold such amount exempt." Another distinguishing factor noted by the court in the Bellemere case (78 Mo.App. 26) is: "A claim of exemption may be made with effect at any time before the money is paid out or the property sold. (Citing cases.) It is therefore obvious that relator was apprised of his exemption rights in ample time to claim the same."

Here respondent Chenault took it upon himself to direct the Southeast State Bank to pay the $356.96 into court. § 525.-410, relating to garnishments from magistrate courts provides that the garnishee may discharge himself by surrendering property, money or effects of the defendant to the constable. There is no provision for the garnishee to pay the money into court or the the clerk. Although the time does not appear from this record, the clerk of the magistrate court paid the money received from the Southeast State Bank to the judgment creditor, Household Finance. Respondent Chenault put it beyond his power to allow appellant her statutory exemption when she became aware of it and made demand upon him for it. It has been held

that the constable is the only person who may set apart the exempt property to a judgment debtor under § 513.445—the magistrate court has no jurisdiction to perform that act. State, to the use of *Conklin v. Barada*, 57 Mo. 562, 565 (1874), "[T]he court sustained the plaintiff's theory to the effect that the protection of the execution debtor's rights in the premises, was incumbent on the constable, and could not be remitted to any course of procedure before the justice of the peace. In this we think the court properly declared the law;" and (57 Mo. 567), "We hold that the duty of the constable in the present case was to allow, to the extent of his authority, the exemption to which the debtor was entitled." See also *State ex rel. Lewis v. Barnett, et al.*, 96 Mo. 133, 8 S.W. 767, 769 (1888); *Eisenberg v. Northwestern Turn and Liederkranz Ass'n*, 70 Mo.App. 436, 438 (1897), holding that a circuit court, on appeal from a judgment of a justice's court, has no jurisdiction to hold as exempt from execution a garnishment debt, "The money should have been paid by the garnishee to the sheriff, and Paulus given the opportunity to make his claim of exemption to him, where the law says he may make it"; and *Pacific Finance Loans, Inc. v. Richardson, et al.*, 412 S.W.2d 509, 512[1, 2] (Mo.App.1967).

There is no claim here that appellant made any knowing waiver of her right to exemption, or that she was guilty of laches in not filing her claim of exemption with respondent Chenault when she first became aware of that right.

■ Respondent Chenault, in addition to admitting that he did not advise appellant of her exemption rights on the garnishment of the Southeast State Bank, testified that it was his customary practice to notify judgment debtors of exemption rights on executions but not on a garnishment. That is not a correct interpretation of the duties imposed on him by § 513.445. The right to be notified of exemption rights at the time of the levy applies not only to executions but to garnishments issued in aid of executions. See these ancient cases announcing that rule, unchanged to date: *State to the Use of Lalley v. Carroll, et al.*, 9 Mo.App. 275, 279 (1880) [citing *Barada*, supra]; *State to the Use of Maher v. Sondag*, 15 Mo.App. 312, 315 (1884); *Bellemere*, supra, loc. cit. 78 Mo.App. 26. These cases and others such as *State to the Use of Woodrome v. Freeman*, 173 Mo.App. 294, 158 S.W. 726 (1913); *State ex rel. Cotton v. Lindsay, et al.*, 73 Mo.App. 473 (1898); *Parketon v. Pugsley*, 142 Mo.App. 537, 121 S.W. 789, 791 (1909); make the constable liable on his official bond for failure to apprise the judgment debtor of his exemptions and to set off the same to him if claimed.

■ Defendant State Surety Company was a party below and filed answer admitting that it had issued an official bond to respondent Chenault. The bond, as required by § 63.030, RSMo 1969, was conditioned in the words of that statute, part of which requires payment to the proper parties all money received by him by virtue of his office, § 63.120 provides that when proceedings are issued against the constable on his bond, his sureties shall be liable, jointly or severally in the same action, and may or may not be joined with him. State Surety was of course joined below, but no judgment was rendered against it, which was error.

There is no dispute that $356.96 of appellant's funds were garnisheed from her bank account, $321.26 of which was exempt under the statute. The latter amount, of which appellant was deprived, is the measure of her damages, plus interest from the date of collection thereof, March 22, 1972, and costs.

The judgment is reversed and the case is remanded with directions to enter judgment in favor of appellant, Mabel Edd Dancer, against respondent, C. Douglas Chenault, and his surety, State Surety Company, in the amount of $321.26, plus interest thereon from March 22, 1972, and for costs.