Harold C. RUSK, Petitioner/Cross–
Appellant,

v.

Dona Lee RUSK, n/k/a Dona Lee
Ball, Respondent, Respondent,

v.

The PUBLIC SCHOOL RETIREMENT
SYSTEM OF MISSOURI,
Garnishee/Appellant.

No. 62836.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 22, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 18, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Philip A. Klawuhn, Armstrong, Teasdale, Schlafly & Davis, Kansas City, for appellants, Harold Rusk and Public School Retirement System.

Theresa Counts Burke, Summers, Compton, Wells & Hamburg, St. Louis, for respondent, Dona Rusk.

GRIMM, Judge.

Husband and wife's marriage was dissolved in 1989. Wife was awarded $612.65 per month in maintenance. When husband failed to make certain payments, wife garnished his pension benefits through the Public School Retirement System (garnishee).

Husband and garnishee moved to quash. The trial court denied the motion and they appeal. We affirm.

I.   Retirement Funds Not Exempt

█   We consider husband's and garnishee's first and second points together. They allege the trial court erred in overruling their motion to quash. They claim §§ 169.-090 * and .587 exempt the pension funds "from garnishment or any other process whatsoever." They further allege "contractual maintenance" is not alimony as that term is used in § 452.140.

Section 169.090 provides:

Neither the funds belonging to the [public school] retirement system nor any benefit accrued or accruing to any person under the provisions of sections 169.-010 to 169.130 shall be subject to execution, garnishment, attachment or any other process whatsoever, nor shall they be assignable, except as in sections 169.-010 to 169.130 specifically provided.

Section 169.587 states:

Any [public school] retirement allowance, benefit, funds, property, or rights created by, or accruing to any person under the provisions of this chapter, are hereby made and declared exempt from any tax of the state of Missouri or any political subdivision or taxing body thereof and shall not be subject to execution, garnishment, attachment, writ of sequestration, or any other claim whatsoever and shall be unassignable.

In contrast, wife contends that the funds are subject to garnishment pursuant to § 452.140. This section states:

No property shall be exempt from attachment or execution in a proceeding instituted by a married woman for maintenance, nor from attachment or execution upon a judgment or order issued to enforce a decree for alimony or for the support and maintenance of children. And all wages due to the defendant shall be subject to garnishment on attachment or execution in any proceedings mentioned in this section, whether the wages

* All statutory references are to RSMo 1986 unless otherwise indicated.

are due from the garnishee to the defendant for the last thirty days' service or not.

■ Before analyzing these statutes, we briefly consider general rules of construction. "The primary role of courts in construing statutes is to ascertain the intent of the legislature from the language used in the statute and, if possible, give effect to that intent." *Abrams v. Ohio Pac. Express*, 819 S.W.2d 338, 340 (Mo. banc 1991). Courts favor a construction that avoids unjust or unreasonable results, and which gives effect to legislative intent without arriving at an absurd result. *David Ranken, Jr. Tech. Inst. v. Boykins*, 816 S.W.2d 189, 192 (Mo. banc 1991). Moreover, "[t]he law favors statutory construction which harmonizes with reason." *State ex rel. Trautman v. Farmington*, 799 S.W.2d 638, 642 (Mo.App.E.D.1990).

Husband and garnishee contend that §§ 169.090 and .587 effectively repeal § 452.140 as that section applies to Public School Retirement funds. They argue that "the clear legislative intent is that [such] funds and benefits are a specific exception to the general rule" that property is not exempt from execution or garnishment for maintenance or child support. We disagree; their position is inconsistent with legislative intent as expressed in previous decisions.

Almost fifty years ago, in *Pugh v. St. Louis Police Relief Ass'n*, 237 Mo.App. 922, 179 S.W.2d 927 (E.D.1944), this court considered a Missouri statute establishing the Police Retirement System. This statute included a clause similar to that contained in §§ 169.090 and .587. The police statute provided that its funds "shall not be subject to execution, garnishment, attachment or any other process whatsoever." *Id.*, 179 S.W.2d at 934.

In *Pugh*, wife was granted alimony and sought to collect it from husband's interest in the Police Retirement System. Husband argued the Police Retirement System statute did not permit the levy. On the other hand, wife argued the funds were not exempt, relying on what is now § 452.140. The *Pugh* court said that in enacting the Police Retirement System statute, it was not reasonable that "the Legislature of this state intended to depart from its long[-]settled policy of protecting the family." *Id.* at 935. Rather, the *Pugh* court thought the police statute was intended to "to protect said funds, not from the wives of the members of the System, but from outside creditors." *Id.*

More recent cases, involving various factual settings, have reached similar results. For example, in *Hopkins v. Hopkins*, 626 S.W.2d 389 (Mo.App.E.D.1981), this court considered social security and pension benefits. We observed that Missouri law provides "that *all* property and wages of an individual may be subject to attachment or execution upon an order issued to enforce a maintenance decree. § 452.140." *Id.* at 393 (emphasis original). *See also Patton v. Patton*, 573 S.W.2d 71, 72 (Mo.App.S.D. 1978) (In construing prohibition in a workers' compensation statute prohibiting garnishment, the court said § 452.140 demonstrates "a consistent legislative scheme to provide for family needs."); *Geiwitz v. Geiwitz*, 473 S.W.2d 781, 785 (Mo.App.W.D. 1971) (In construing prohibition in the railroad retirement plan, the court said "[t]he Missouri Legislature has set out the public policy of this state in Section 452.140.").

At oral argument, husband and garnishee emphasized that § 452.140 exempts property from, among other things, orders "issued to enforce a decree for alimony." They urged a strict reading of § 452.140 suggesting that "alimony" still exists. Further, they argued that alimony terminates upon remarriage, and therefore the exemption in § 452.140 applies to "maintenance" only if it terminates at remarriage. Finally, because wife's maintenance does not terminate at remarriage, it is not "alimony" exempted by the statute.

We decline to adopt such a narrow reading. Such an interpretation could logically lead us to apply outdated law mandating that a spouse is not entitled to alimony if the marriage is dissolved due to that spouse's fault. *See Smith v. Smith*, 350 Mo. 104, 164 S.W.2d 921, 923 (Div. 1 1942).

This would be an unreasonable result and would not be in harmony with our present dissolution statute. Rather, we construe "alimony" in § 452.140 to mean "maintenance" as that term is used in present day dissolution of marriage proceedings.

The trial court did not err in overruling the motion to quash. Points denied.

## II. Garnishment

■ For their third point, husband and garnishee allege the "trial court erred in overruling [garnishee's] and [husband's] motion to quash summons and writ of garnishment because garnishment proceedings are not appropriate as an aid to execution against funds held by [garnishee], a governmental instrumentality."

Garnishee and husband maintain that the appropriate remedy is a writ of sequestration pursuant to § 525.310, RSMo Cum Supp.1992, and Rule 90.22. Section 525.310 and Rule 90.22 apply to judgments "rendered against an officer, appointee or employee of the state."

Here, we are not confronted with a judgment rendered against an "officer, appointee or employee of the state." Rather, husband is retired, having previously worked for a public school district. Husband does not appear to fall within the scope of § 525.310 or Rule 90.22.

■ Even if we were to assume that § 525.310 and Rule 90.22 apply here, husband and garnishee have not shown how they were prejudiced by being served with a garnishment instead of a writ of sequestration. Point denied.

## III. Failure to Give Notice of Exemptions

■ For their fourth point, husband and garnishee contend that "the trial court erred when it overruled ... [the] motion to quash summons and writ of garnishment because [husband] was not sent timely notice of his rights to certain exemptions and the procedure for claiming" the exemptions.

■ We first note that exemptions are personal rights and "can only be pleaded or taken advantage of by the execution or attachment debtor." *Pugh,* 179 S.W.2d at 936. Therefore, garnishee cannot raise this issue because it suffered no prejudice.

Husband claims, and wife does not dispute, that he did not receive notice of either the availability of exemptions or the procedure to claim them as required by § 513.-445 and Rule 76.075. Rule 76.075 (§ 513.-445 is substantially similar) provides, in relevant part, that

(a) Within three days after an officer has levied an execution, he shall notify the person against whom the execution has issued that an execution has been levied, that certain property, if any, is exempt under sections 513.430 and 513.-440, RSMo, and that the person has the right to hold the property as exempt from attachment and execution. The officer shall also generally state that there are certain exemptions under state and federal law that the judgment debtor may be able to claim with respect to the property levied upon and describe the procedure for claiming the property as exempt. The notice shall also inform the person against whom the execution issues of the manner in which he may obtain a specific description of the property upon which the levy was made. The notice may be served in the same manner as a summons or by mailing the notice to the judgment debtor at his last known address by regular mail. Service by mail shall be complete upon mailing.

■ The right of a judgment debtor to be notified of exemption rights "applies not only to executions but to garnishments in aid of executions." *Dancer v. Chenault,* 527 S.W.2d 714, 717 (Mo.App.W.D.1975). However, the officer who executes the levy is the person required to give notice, not wife as the creditor.

Nevertheless, husband argues if "service of process is improper, it is proper for the trial court to enter an order quashing service." His argument misses the mark. Husband has not shown that service of process was improper. At best, husband

has indicated that he has not received a proper notice *"after* an officer has levied an execution." Rule 76.075 (emphasis added).

Further, husband has not shown any prejudice resulting from his failure to receive notice. He has neither argued nor shown that his retirement benefits are exempt under § 513.430 or § 513.440. Point denied.

The trial court's judgment is affirmed.

CRANDALL, P.J., and SIMON, J., concur.