**In re Charles E. JACKSON and Bridgette Jackson a/k/a Bridgette Carrith, Debtors,**

**Charles Jackson, Plaintiff,**

v.

**K.A.S. Enterprises, Inc., Defendant.**

**Adversary No. 00–4076–172.**
**Bankruptcy No. 00–43470–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 23, 2001.

Charles W. Riske, Clayton, MO, trustee.

Ross H. Briggs, The Briggs Law Center, St. Louis, MO, for Plaintiff.

Randall E. Gusdorf, Ritter & Gusdorf, L.C., Clayton, MO, for Defendant.

### *MEMORANDUM*

JAMES J. BARTA, Bankruptcy Judge.

The matters being determined here are cross motions for summary judgment regarding certain transfers to K.A.S. Enterprises, Inc. ("Defendant") pursuant to wage garnishments against Charles Jackson ("Plaintiff" or "Debtor"). After the Court granted the Defendant's motion for summary judgment as to the original Adversary Complaint, the Plaintiff filed a two count Amended Complaint. The Plaintiff requested that transfers in the amount of $1,073.05 be returned to him under the lien and transfer avoidance provisions of the Bankruptcy Code or, alternatively, that the garnishment be quashed under state

law for failure to follow the prescribed procedures for service and payout, failure to send notice to the Plaintiff of his exemption rights, and because the garnishee withheld amounts in excess of the amounts permitted under Missouri law.

The Defendant denied that certain transfers were avoidable by the Plaintiff under the Bankruptcy Code because each transfer was below the minimum $600.00 as required for avoidance by the trustee under Section 547; denied that service, payment or notice was improper; and asked that any recovery by the Plaintiff be limited to the $400.00 amount permitted under Missouri's exemption statute.

Each Party filed a Motion for Summary Judgment (Motions 13 and 16) asking the Court to order judgment in its favor as a matter of law.

This is a core proceeding pursuant to Section 157(b)(2)(B), (F) and (K) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 81–9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c), Fed. R. Bankr.P. 7056.

In April 1998, the Plaintiff entered into a consent judgment in favor of the Defendant in the amount of $5,981.47 plus costs. ( "Case Minutes", Exhibit to Document 17). On October 4, 1999 and on February 4, 2000, the Defendant filed requests for execution against the Plaintiff. The Defendant was granted writs of execution against the Plaintiff, and thereafter issued interrogatories and caused the issuance of summonses to garnish the Plaintiff's wages. The return dates in connection with the writs were January 2, 2000 and May 4, 2000. The Plaintiff's wages were garnished and were paid over to the Defendant. The voluntary petition for relief under Chapter 7 was filed by the Debtor on April 6, 2000.

*Avoidance and Recovery under the Bankruptcy Code*

The Court has determined that there is no genuine issue as to any material fact with respect to the Bankruptcy issues in this matter. The Court must next consider the question of whether a moving party is entitled to judgment as a matter of law.

The Plaintiff complained of four transfers received by the Defendant from the clerk of the state court after January 7, 2000, the day that commenced the ninety day preference period prior to the filing of the bankruptcy petition on April 6, 2000. During the preference period, certain transfers of a debtor's interest in property are subject to avoidance by a bankruptcy trustee. 11 U.S.C. § 547. If the trustee declines to avoid the transfers, as was the case here, the debtor may step into the shoes of the trustee and may avoid the transfers if the trustee could have avoided those transfers and to the extent the property may be claimed as exempt under state law. 11 U.S.C. § 522(h). The Plaintiff claimed that the transfers made were preferential within the meaning of 11 U.S.C. § 547 and thus avoidable by the Plaintiff under 11 U.S.C. § 522(h) and recoverable under 11 U.S.C. § 522(i).

The First Transfer complained of occurred when the clerk of the state court transferred to the Defendant the amount of $446.25 on January 21, 2000 from monies paid into the state court on January 12, 2000. The Second Transfer complained of occurred when the clerk trans-

ferred to the Defendant the amount of $156.70 on March 24, 2000 from monies paid into the court on March 15, 2000. The Third Transfer complained of occurred when the clerk transferred to the Defendant the amount of $313.40 on April 20, 2000 from monies paid into the court on April 10, 2000. The Fourth Transfer complained of occurred when the clerk transferred to the Defendant the amount of $156.70 on May 22, 2000 from monies paid into the court on May 10, 2000. ("Case Minutes", Exhibit to Document No. 17). The entries in the "Case Minutes" indicate that the garnishments were served by a special process server. For purposes of this proceeding, these transfers are four separate transfers and are not aggregated.

Property of the estate, as defined by Section 541 of the Bankruptcy Code, is a broad concept with respect to the interests of a debtor in property that are to be included in the bankruptcy estate as of the commencement of the case. It includes property recovered by the trustee by means of avoidance actions. 11 U.S.C. § 541(a). Upon commencement of the case, property of the estate may be exempted from the estate by the debtor pursuant to Section 522(a)(2). 11 U.S.C. § 522.

Section 522(f) permits a debtor to avoid the fixing of a judicial lien on an interest of the debtor in property to the extent the lien impairs an exemption to which the debtor would have been entitled under Missouri law. 11 U.S.C. §§ 522(f) and 522(b).

As it applies to this matter, Section 522(h) permits a debtor to avoid a transfer of property of the debtor, to the extent the debtor could have exempted such property under Section 522(g)(1) if the trustee had avoided such transfer, if such transfer is avoidable by the trustee under Section 547

and if the trustee does not attempt to avoid such transfer. 11 U.S.C. § 522(h).

Section 547 permits a trustee to avoid any transfer of an interest of the debtor in property to or for the benefit of a creditor; on account of an antecedent debt owed by the debtor before such transfer was made; that was made while the debtor was insolvent on or within ninety days before the date of the filing of the petition, that enabled such creditor to receive more than the creditor would have received under Chapter 7 if the transfer had not been made. 11 U.S.C. § 547(b). The trustee may not avoid a transfer under Section 547 in a case filed by an individual debtor whose debts are primarily consumer debts when the aggregate value of all property that constitutes or is affected by the transfer is less than $600.00. 11 U.S.C. § 547(c)(8). The trustee has the burden of proof under Section 547(b) and the creditor has the burden of proof under Section 547(c). 11 U.S.C. § 547(g).

Here, the Plaintiff is an individual debtor whose debts are primarily consumer debts. The Plaintiff seeks to avoid the transfers under Sections 522(h) and 547, and to avoid the Defendant's liens under Section 522(f), and to recover under Sections 550 and 522(i). The Defendant has raised the defense of Section 547(c)(8).

Generally, a proceeding to recover value based on the garnishment of a debtor's wages involves the examination of multiple transfers, including the transfer that occurs when the garnishor's lien attaches to the wages earned by the debtor; the transfer by the garnishee to the court; and the transfer from the court to the garnishor.

■■■ Transfer under the Bankruptcy Code means every mode of disposing of or parting with property or with an interest in property, including retention of title as a

478

security interest. 11 U.S.C. § 101(54). A lien means a charge against or an interest in property to secure payment of a debt or performance of an obligation. 11 U.S.C. § 101(37). Under Missouri law, service of a garnishment summons and writ creates a lien in the garnishor's favor which attaches to wages owing on the date of service and wages that accrue thereafter until the return or answer date. *Wade v. Midwest Acceptance Corporation*, 219 B.R. 815, 820 (8th Cir. BAP 1998) (citations omitted). However, Section 547(e)(3) prevents the transfer of a debtor's interest (i.e. the attachment of the lien) until the debtor has acquired rights in the property transferred. This transfer does not occur until the wages are earned. *Wade*, 219 B.R. at 821. A lien of a garnishment of wages earned within the ninety day preference period is subject to avoidance by the Debtor, but a lien of a garnishment of wages earned outside that ninety day time frame is not. *Wade*, 219 B.R. at 822. The attachment of a lien on garnished wages earned within the ninety day preference period is a preferential transfer. *Id.* Once the garnishment lien attaches, the garnishor's lien on the wages earned is perfected as to those wages. *In re James (James v. Planters Bank)*, 257 B.R. 673, 676–77 (8th Cir. BAP 2001). The *Wade* court noted that the creditor in that case, unlike the Defendant here, did not raise any of the defenses that may have been available under Section 547(c). *Wade*, 219 B.R. at 817.

The transfers referred to in the Amended Adversary Complaint occurred at different stages during the preference period and the bankruptcy case, and thus each transfer requires a separate analysis under the Code.

■ The First Transfer was a prepetition transfer to the Defendant in the amount of $446.25, made within the ninety day preference period. However, the Court finds and concludes from the record that the wages transferred were paid into the Court on January 12, 2000, and were earned outside the ninety day preference period. The clerk of the court credited the garnishee's payment into the court on January 12, 2000, a Wednesday. All or substantially all of the garnished wages would have been earned prior to January 7, 2000, the date on which the ninety day preference period commenced. The record has not otherwise established that these wages were earned during the ninety day preference period. Although the wages were paid to the Defendant during the ninety day period, the transfer of the Plaintiff's interest that was the lien of a garnishment occurred outside the preference period. The garnishment lien on the wages in the First Transfer was perfected when the wages were earned prior to the filing of the case and outside the preference period. The Debtor is unable under Section 547(b) to avoid the transfer of this interest that resulted from the attachment of the garnishment lien. "If the lien is unavoidable, then payment on the lien is not a transfer of the debtors' interest in property nor does that transfer allow [the creditor] to receive more than it would have received had the transfer not been made." *James*, 257 B.R. 673 at 677. In addition, the value of the transfer was less than $600.00 and therefore the transfer is not avoidable by the trustee under Section 547(c)(8) or by the Plaintiff under Section 522(h). The Plaintiff cannot avoid and recover the First Transfer as requested in the Amended Complaint.

■ The Second Transfer was a prepetition transfer to the Defendant in the amount of $156.70, made within the ninety day preference period, of wages earned within the ninety day preference period. At the commencement of the case, the

property transferred was not property of the estate under Section 541 and the Debtor could not claim an exemption in the property because the Debtor's interest in the property had been foreclosed by payment to the Defendant. The amount transferred was less than $600.00, and was therefore not avoidable by the trustee pursuant to Section 547(c)(8), and is not avoidable by the Plaintiff under Section 522(h). Because the transfer is unavoidable, and because the Debtor has not shown that he has any other interest in the property, the funds are no longer subject to a lien that is avoidable under Section 522(f). Avoidance of the transfer and lien are required before recovery is available under Sections 550 and 522(i). The Plaintiff cannot avoid and recover the Second Transfer under the Bankruptcy Code.

■ The Third Transfer was a postpetition transfer to the Defendant of wages in the amount of $313.40 earned and garnished within the ninety day preference period. The date of filing the petition in this case, April 6, 2000, was a Thursday. The garnished wages were credited by the state court on Monday, April 10, 2000, and were transferred to the Defendant on April 20, 2000. The timing is such that the record here supports the determination that these were prepetition wages earned within the preference period to which the Defendant's garnishment lien attached prepetition. Under *Wade* and *James,* unless the Plaintiff can avoid the transfer of his interest resulting from the attachment of the garnishment lien he cannot avoid the transfer of the payment. See *James,* 257 B.R. 673 at 677–78. At the commencement of this case, the Defendant held a perfected judicial lien in the funds that were transferred to it postpetition. Under Section 522(f)(1)(A), a debtor may avoid the fixing of a judicial lien to the extent the lien impairs an exemption to which the

debtor would have been entitled. As of the commencement of the case, the wages had not been disbursed, the Debtor was entitled to exercise his exemptions under federal law, and the record did not establish that the Debtor did not have an interest in the funds. See Mo. Sup.Ct. R. 76.075. The amount transferred is less than $400.00, the amount to which the Debtor would have been entitled under Missouri exemption law. The Court finds and concludes that the Plaintiff may avoid the fixing of the attachment of the garnishment lien on the wages represented by the Third Transfer pursuant to Section 522(f).

■ Once the lien is avoided, the Third Transfer of money to the Defendant becomes a postpetition payment from unencumbered estate assets on account of a prepetition unsecured debt. Such a transfer is not avoidable under Section 547(b) which permits the avoidance of transfers made on or within ninety days before the date of the filing of the petition. 11 U.S.C. § 547(b)(4)(A). The Third Transfer was not avoidable by either the trustee or the Debtor under Section 547(b). However, the estate enjoys an interest in the undistributed, unencumbered prepetition wages, and the transfer to the Defendant may be subject to avoidance by the Plaintiff as a postpetition transaction under Section 549, or as an action voided by a violation of the automatic stay. See 11 U.S.C. § 362(a)(2), (3), (6) and (h), and § 549(a). After the postpetition transfer is avoided, the Debtor would hold the ability to seek recovery of the wages. The Court has determined that in this matter the Debtor is entitled to avoid the garnishment lien; that the Debtor is entitled to avoid the postpetition transfer of prepetition funds; and that the Debtor is entitled to recover the value of the avoided transfer.

■ The Fourth Transfer in the amount of $156.70 was the last transfer

pursuant to the second garnishment the return date of which was May 4, 2000. The attachment of the garnishment lien to the Plaintiff's wages was a transfer of a debtor's interest in postpetition wages (wages garnished between April 10, 2000 and May 4, 2000) to a creditor on account of a prepetition dischargeable debt. To the extent that any of these wages may have been earned prepetition, the analysis of the Third Transfer would apply. As to the wages earned postpetition, the money transferred was not property of the estate, was not subject to exemption by the Plaintiff and was not subject to avoidance by the trustee under Section 547 or by the Plaintiff under Sections 522(f) or (h). However, the transfer that was the attachment of a lien, and the postpetition Fourth Transfer of wages in the amount of $156.70 is subject to avoidance and recovery by the Plaintiff as a violation of the automatic stay. Acts committed in violation of the automatic stay are void. See *In re Vierkant*, 240 B.R. 317, 319 (8th Cir. BAP 1999); 11 U.S.C. §§ 362(a)(2), (6) and § 362(h).

Consistent with the above findings and conclusions, and consistent with the Bankruptcy Code, the Plaintiff's requests to avoid and recover the First and Second Transfers will be denied; and the request to avoid the fixing of the judicial lien and recover the wages in the Third Transfer will be granted. With respect to the Fourth Transfer, the Debtor's request to avoid the judgment lien as to any wages that were earned prepetition and paid out postpetition will be granted; and the request to recover the wages earned postpetition and paid out postpetition will be granted based on the violation of the automatic stay.

*Garnishment issues under Missouri Law*

The pleadings attempted to raise other issues involving the operation and applicability of state garnishment law and procedure. After a review of the entire record here, the Court finds and concludes that there are genuine disputes as to certain facts that are necessary to the determinations requested under state law, and that certain other facts have been alleged but not proven.

To support his request that the garnishment be quashed and the funds returned to him, the Plaintiff cited several cases that referred to Missouri law in general and to Missouri Supreme Court Rule 90 in particular. The Plaintiff alleged that service was defective and that the payouts to the Defendant were improper. He argued that state law requires personal service of the garnishment documents by the county sheriff, and that court orders must be entered before garnished funds may be paid out. To the extent that certain amendments to Rule 90, effective January 1, 1999, conflict with the rulings issued prior to the effective date, those rulings are not applicable precedent here. Few Missouri courts have had the opportunity to rule on cases under the current version of Rule 90 as they would apply to the transfers described here.

The Plaintiff has not demonstrated that the Defendant and the state court failed to follow the applicable rules regarding the service of the garnishment and the payout of funds. The Plaintiff alleged that the sheriff failed to personally serve the Plaintiff under Chapter 525 RSMo and Rule 90. Personal service is not always required under the statute and rules. The Plaintiff failed to demonstrate that service of the writ and summons to garnish were inadequate. The record has not shown that the service of process or the payout procedures were so flawed as to warrant quashing the garnishment for purposes of this Adversary Proceeding.

The Plaintiff has also alleged that he did not receive notice from the sheriff or the officer appointed by the court of his right to claim certain exemptions in the wages. In many Missouri counties, the notice is usually printed on the reverse side of other documents that are served on a debtor. Under Missouri Supreme Court Rule 76.075, a debtor may claim any exemption by filing a verified request with the levying officer within twenty days after notice of the levy, and exemptions claimed under federal law may be claimed at any time prior to disbursement. 31 Mo. Prac. R. 76.075. As stated by the Plaintiff and supported by case law, it is the responsibility of the officer serving the writ and summons on the garnishee to give notice to the debtor of his right to claim certain exemptions. *Dancer v. Chenault*, 527 S.W.2d 714, 717 (Mo.Ct.App. 1975). The duty to give such notice lies with the officer who executes the levy, and not with the creditor. Mo. Sup.Ct. R. 76.075; *Rusk v. Rusk*, 859 S.W.2d 751, 754 (Mo.Ct.App.1993). If such notice is not given, the remedy is not to quash the garnishment. Rather a debtor may have an action to recover the amount of the exemption the debtor was unable to claim from the party whose legal responsibility it was to give the notice. *Dancer v. Chenault*, 527 S.W.2d at 717. The proper remedy is not to quash the garnishment in total but only so much as is in excess of the amount actually due. *Allen v. Allen*, 681 S.W.2d 535, 540 (Mo.Ct.App.1983), *Hardin v. Hardin*, 512 S.W.2d 851, 855 (Mo.Ct.App.1974).

In the matter here, a determination of the bankruptcy issues does not require the Bankruptcy Court to further consider or rule upon the state issues raised by the Plaintiff. The Plaintiff has not established his interest in the property that he claims was wrongly withheld, and he has not established that all of the proper parties are before the Bankruptcy Court. It appears that the Bankruptcy Court may not have personal jurisdiction over all of the parties necessary for a full determination of these state issues. The parties and the state jurisprudence would be better served if the nonbankruptcy court were afforded the opportunity to interpret its own statutes and procedural rules after the parties and issues are properly joined. Therefore, the Plaintiff's request to quash the garnishment pursuant to state law will be denied.

### ORDER

On consideration of the record as a whole, and consistent with the Memorandum entered in this matter

**IT IS ORDERED** that this Adversary Proceeding is concluded; and

That as to Count I of the Amended Adversary Complaint:

1) The motion of K.A.S. Enterprises, Inc., Defendant, for summary judgment is granted in part and denied in part as set out here; and

2) The motion for summary judgment filed on behalf of Charles Jackson, Debtor/Plaintiff, is granted in part and denied in part as set out here; and

3) The request of the Debtor/Plaintiff to set aside the judicial lien and avoid and recover the prepetition transfer of wages in the amount of $446.25 is denied; and

4) The request of the Debtor/Plaintiff to set aside the judicial lien and avoid and recover the prepetition transfer in the amount of $156.70 is denied; and

5) The request of the Debtor/Plaintiff to set aside the judicial lien and avoid and recover the postpetition transfer of wages in the amount of $313.40 is granted; and that the Defendant is to pay to the Plaintiff/Debtor the amount of $313.40; and

6) The request of the Debtor/Plaintiff to set aside the judicial lien on any wages earned prepetition, and transferred as part of the Fourth Transfer is granted; and that the Debtor's request to recover as damages, the value of the wages earned postpetition that were part of the Fourth Transfer that was void as being in violation of the automatic stay is granted; and that the Defendant is to pay to the Plaintiff/Debtor the additional amount of $156.70.

**IT IS FURTHER ORDERED** that as to Count II of the Amended Adversary Complaint, the Debtor/Plaintiff's motion for summary judgment is denied; and that the Defendant's motion for summary judgment is denied; and that the Debtor/Plaintiff's request for a judgment and other relief in Count II is denied.

**IT IS FURTHER ORDERED** that all other requests in this matter are denied without prejudice to whatever action the Debtor/Plaintiff may deem appropriate in a nonbankruptcy proceeding concerning the state issues.